[No. 5027.     Decided January 4, 1905.]

ARMOUR & COMPANY, *Appellant,* v. WESTERN CONSTRUCTION COMPANY *et al., Respondents.*[1]

LIENS—RAILROADS—STATUTES — TITLE OF ACT—SUFFICIENCY— PROVISIONS FURNISHED CONTRACTOR NOT EMBRACED IN TITLE OF ACT FOR LABOR AND MATERIAL LIENS. Laws 1893, p. 32, § 1, entitled "An act creating and providing for the enforcement of liens for labor and material," is not sufficiently broad to include a clause rendering a railroad contractor liable for "provisions" furnished to him in the prosecution of the work, since "materials" as used in the lien laws, means something that becomes part of the finished structure; and the clause is not germane to the title and contravenes Const. art. 2, § 19.

INDEMNITY—BOND UNDER VOID ACT—COMMON LAW OBLIGATION —PRIVITY. Where an indemnity bond is given by a railroad contractor, under the provisions of an act void for want of sufficient title, conditioned for the payment for provisions furnished in the prosecution of the work, the surety is not liable to the person furnishing the materials as upon a common law obligation, since there was no privity of contract between them.

[1]Reported in 78 Pac. 1106.

34-36 WASH.

Appeal from a judgment of the superior court for Clarke county, A. L. Miller, J., entered June 23, 1903, upon sustaining demurrers to the complaint, dismissing an action to recover upon a railroad contractor's bond for supplies furnished. Affirmed.

*A. C. & R. W. Emmons* and *Coovert & Stapleton,* for appellant. The specific provisions of the act taken collectively are germane and referable to the general object. *People v. Mahaney,* 13 Mich. 481; *Indiana Cent. R. Co., v. Potts,* 7 Ind. 681; *Henry v. Henry,* 13 Ind. 250; *State v. Adamson,* 14. Ind. 296; *Clemmensen v. Peterson,* 35 Ore. 47, 56 Pac. 1015; *State ex rel. McCarty v. Board of Com'rs,* 26 Ind. 522; *State v. Robinson,* 32 Ore. 43, 48 Pac. 357; *Sun Mut. Ins. Co. v. Mayor etc. of New York,* 4 Seld. 241; *Ex parte Howe,* 26 Ore. 181, 37 Pac. 536; *State v. Shaw,* 22 Ore. 287, 29 Pac. 1028; *Miles v. State,* 40 Ala: 39; *Northern Counties Inv. Trust v. Sears,* 30 Ore. 388, 41 Pac. 931; *People ex rel. Rochester v. Briggs,* 50 N. Y. 553; *State ex rel. Bell v. Frazier,* 36 Ore. 178, 59 Pac. 5; *People ex rel. Board etc. v. Banks,* 67 N. Y. 568; *Santo v. State,* 2 Iowa 165; *State ex rel. Weir v. County Judge,* 2 Iowa 280. The provisions are not incongruous, but are consistent, homogeneous, and have one general object. *Morford v. Unger,* 8 Iowa 82; *Whiting v. Mount Pleasant,* 11 Iowa 482; *People ex rel. Badger v. Lowenthal,* 93 Ill. 191; *Blake v. People,* 109 Ill. 504; *Mix v. Illinois Cent. R. Co.,* 116 Ill. 502, 6 N. E. 42; *Johnson v. Harrison,* 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382; *Woodson v. Murdock,* 22 Wall. 353; *San Antonio v. Mehaffy,* 96 U. S. 315; *Montclair v. Ramsdell,* 107 U. S. 147, 2 Sup. Ct. 391; *Otoe County v. Baldwin,* 111 U. S. 1, 4 Sup. Ct. 265; *Mahomet v. Quackenbush,* 117 U. S. 508, 6 Sup. Ct. 858; *Carter County v. Sinton,* 120 U. S.

517, 7 Sup. Ct. 650; *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520; *Maling v. Crummey,* 5 Wash. 222, 31 Pac. 600; *McMaster v. Advance Thresher,* 10 Wash. 147, 38 Pac. 670; *Lancey v. King County,* 15 Wash. 9, 45 Pac. 645, 34 L. R. A. 817; *State ex rel. Dustin v. Rusk,* 15 Wash. 403, 46 Pac. 387; *Bogue v. Seattle,* 19 Wash. 396, 53 Pac. 548; *Karasek v. Peier,* 22 Wash. 419, 61 Pac. 33, 50 L. R. A. 345; *Merritt v. Corey,* 22 Wash. 444, 61 Pac. 171; *Seattle v. Barto,* 31 Wash. 141, 71 Pac. 735; *State v. Sharpless,* 31 Wash. 191, 71 Pac. 737. The effect of the act is to render the railroad company liable. *Barrett v. Millikan,* 156 Ind. 510, 60 N. E. 310, 83 Am. St. 220; *Laird v. Moonan,* 32 Minn. 358, 20 N. W. 354; *Henry etc. Co. v. Evans,* 97 Mo. 47, 10 S. W. 868, 3 L. R. A. 332; *Kansas City etc. R. Co. v. Graham,* 67 Kan. 791, 74 Pac. 232; *Spokane Mfg. etc. Co. v. McChesney,* 1 Wash. 609, 21 Pac. 198. These statutory bonds have been uniformly upheld. Boisot, Mechanics' Liens, § 750; *Jordan v. Kavanaugh,* 63 Iowa 152, 18 N. W. 851; *Baker v. Bryan,* 64 Iowa 561, 21 N. W. 83; *Gilmore v. Westerman,* 13 Wash. 390, 43 Pac. 345; *Ihrig v. Scott,* 5 Wash. 584, 32 Pac. 466; *Rounds v. Whatcom County,* 22 Wash. 106, 60 Pac. 139. The bond was a good common law obligation. 1 Dillon, Municp. Corp. (4th ed.), § 216; *Sample v. Hale,* 34 Neb. 220, 51 N. W. 837; *Lyman v. Lincoln,* 38 Neb. 794, 57 N. W. 531; *Montville v. Haughton,* 7 Conn. 543; *Mc Donald v. Davey,* 22 Wash. 366, 60 Pac. 1116. Every action must be prosecuted in the name of the real party in interest. 2 Bal. Code, § 4824; *Seattle Nat. Bank v. Emmons,* 16 Wash. 585, 48 Pac. 262; *Washburn v. Case,* 1 Wash. Ter. 253; *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389; *Stinson v. Sachs,* 8 Wash. 391, 36 Pac. 287; *Washington Nat. Bank v. Moyer,* 22 Wash.

622, 61 Pac. 712. The bond was given for the benefit of the plaintiff, who is the real party in interest and may sue in his own name. *Rice v. Savery,* 22 Iowa 470; *Huntington v. Fisher,* 27 Iowa 276; *Baker v. Bryan, supra; State ex rel. Palmer v. Webster,* 20 Mont. 219, 50 Pac. 558; *Knapp v. Swaney,* 56 Mich. 345, 23 N. W. 162, 56 Am. Rep. 397; *Ihrig v. Scott, supra; Baum v. Whatcom County,* 19 Wash. 626, 54 Pac. 29; *State ex rel. Bartelt v. Liebes,* 19 Wash. 589, 54 Pac. 26; *Rounds v. Whatcom County, supra; Seattle v. Turner,* 29 Wash. 515, 69 Pac. 1083; *Eureka Sandstone Co. v. Long,* 11 Wash. 161, 39 Pac. 446; *Sepp v. McCann,* 47 Minn. 364, 50 N. W. 246.[1]

[1]NOTE.—In the parallel case of *Sappington v. same* (*post* 695) J. M. Long, Alexander Sweek, and James P. Stapleton, for appellant, contended, among other things, that the legal effect of the statute is to require that the railway company either protect itself by a bond or hypothecate its own estate to the extent of the unpaid bills. *Barrett v. Milikan,* 156 Ind. 510, 60 N. E. 310, 83 Am. St. 220; Phillips, Mech. Liens, §§ 65-79; *Laird v. Moonan,* 33 Minn. 358, 20 N. W. 354; *O'Neil v. St. Olaf's School,* 26 Minn. 329, 4 N. W. 47; *Deardorff v. Everhartt,* 74 Mo. 37; *Spoffard v. True,* 33 Me. 283; Jones, Liens, §§ 1304-1306; *Jones v. Great Southern,* 86 Fed. 370; *Spokane Mfg. & Lum. Co. v. McChesney,* 1 Wash. 609, 21 Pac. 198. The contractor is made the agent of the owner, and is authorized to bind the owner by purchasing materials and supplies. *Spokane Mfg. & Lum. Co. v. McChesney, supra; Pilz v. Killingsworth,* 20 Ore. 432 26 Pac. 305; Simpson, Am. Stat. Law, par. 1964. The bond company voluntarily entered into the bond, and the principals, after enjoying its benefits, can not raise the question of its invalidity. *United States v. Hodson,* 10 Wall. 395; *Pritchard v. Norton,* 16 Otto 124. Where a party has availed himself of the benefit of an unconstitutional law he can not aver its unconstitutionality, and the principle of estoppel applies. *United States v. Hodson, supra; Daniels v. Tearney,* 12 Otto 415; *Ferguson v. Landram,* 5 Bush. (Ky.) 230, 96 Am. Dec. 350; *Burlington v. Gilbert,* 31 Iowa 356, 7 Am. Rep. 143; *People v. Murray,* 5 Hill 468; *Lee v. Tillotson,* 24 Wend. 337, 35 Am. Dec. 624; *Van Hook v. Whitlock,* 26 Wend. 43, 37 Am. Dec. 246; *Stevenson v. Morgan,* (Neb.) 93 N. W. 108.—REP.

*Cotton, Teal & Minor* and *W. C. Bristol,* for respond-
ent Indemnity Co., contended, among other things, that
the plaintiff is not in privity, and, as the bond was not
made for his benefit as its object, plaintiff has no right
of action. *Simson v. Brown,* 68 N. Y. 355; *Crowell
v. Currier,* 27 N. J. Eq. 152; *Constable v. National
S. S. Co.,* 154 U. S. 51, 14 Sup. Ct. 1062; *National
Bank v. Grand Lodge,* 98 U. S. 123; *Montgomery v.
Rief,* 15 Utah 495, 50 Pac. 623; *Jefferson v. Asch,* 53
Minn. 446, 55 N. W. 604, 39 Am. St. 618, 25 L. R. A.
257; *Parker v. Jeffery,* 26 Ore. 186, 37 Pac. 712; *Wash-
burn v. Interstate Inv. Co.,* 26 Ore. 436, 36 Pac. 533,
38 Pac. 620; *Weller v. Goble,* 66 Iowa 113, 23 N. W.
290; *Parlin v. Brandenburg,* 2 N. D. 473, 52 N. W.
405; *Durnherr v. Rau,* 135 N. Y. 219, 32 N. E. 49;
*Anderson v. Fitzgerald,* 21 Fed. 294; *Burton v. Larkin,*
36 Kan. 246, 13 Pac. 398, 59 Am. Rep. 541; *Chung
Kee v. Davidson,* 73 Cal. 522, 15 Pac. 100; *Shaunessy
v. American Surety Co.* (Cal.), 69 Pac. 250; *Austin v.
Seligman,* 18 Fed. 519; *State v. St. Louis etc. R. Co.,*
125 Mo. 596, 28 S. W. 1074; *Sayward v. Dexter Horton
& Co.,* 72 Fed. 758; *Hennessy v. Bond,* 77 Fed. 403;
*Stetson & Post Mill Co. v. McDonald,* 5 Wash. 496, 32
Pac. 108; *Sears v. Williams,* 9 Wash. 428, 37 Pac. 665,
38 Pac. 135, 39 Pac. 280; *Puget Sound Brick etc. Co.
v. School District,* 12 Wash. 118, 40 Pac. 608. The
plaintiff is not a lien claimant, and the statute seeking
to create a contract liability transcends the subject pre-
scribed in its title and embraces more than one subject
which is not expressed in its title. *Jacobs v. Knapp,* 50
N. H. 71; *Shaunessy v. American Surety Co., supra;
San Francisco Lumber Co. v. Bibb,* 139 Cal. 192, 72
Pac. 964; *Steele v. Crider,* 61 Fed. 484; *Jabine v. Oates,*

115 Fed. 861; *Walker v. Whitehead,* 16 Wall 314. This respondent is not precluded from asserting the invalidity of the statute. *Sears v. Williams, supra; Strong v. Daniel,* 5 Ind. 348. The asserted estoppel is waived by failure to raise the question in the trial court. *Guarantee Loan etc. Co. v. Galliher,* 12 Wash. 507, 41 Pac. 887; *Tuttle v. Merchants' Nat. Bank,* 19 Mont. 11, 47 Pac. 203; *Moran Bros. Co. v. Northern Pac. R. Co.,* 19 Wash. 266, 53 Pac. 49, 1101; *Philipsburg v. Weinstein,* 21 Mont. 146, 53 Pac. 272; *Winsor v. McLachlan,* 12 Wash. 154, 40 Pac. 727; *Oliver v. Dupee,* 16 Wash. 634, 48 Pac. 351.

*B. S. Grosscup (W. W. McCredie* and *A. G. Avery,* of counsel), for respondent Railway Company. The subject matter of the act is not embraced within the title. *Percival v. Cowychee etc. Irr. Dis.,* 15 Wash. 480, 46 Pac. 1035; *State ex rel. Henry v. Macdonald,* 25 Wash. 122, 64 Pac. 912; *State ex rel. Seattle Electric Co. v. Superior Court,* 28 Wash. 317, 68 Pac. 957. The act is void as denying to the railroad company the equal protection of the laws. *Santa Clara County v. Southern Pac. R. Co.* 118 U. S. 394, 6 Sup. Ct. 1132; *Pembina Silver Min. etc. Co. v. Pennsylvania,* 125 U. S. 181, 8 Sup. Ct. 737; *Seattle v. Smyth,* 22 Wash. 327, 60 Pac. 1120, 79 Am. St. 939; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064; *Atchison, Topeka etc. R. Co. v. Campbell,* 61 Kan. 439, 59 Pac. 1051, 78 Am. St. 328, 48 L. R. A. 251; *Jolliffe v. Brown,* 14 Wash. 155, 44 Pac. 149, 53 Am. St. 868; *Gulf etc. R. Co. v. Ellis,* 165 U. S. 150, 17 Sup. Ct. 255; *Connolly v. Union Sewer Pipe Co.,* 184 U. S. 540, 22 Sup. Ct. 431; *Cotting v. Kansas City Stock Yards Co.,* 183 U. S. 79, 22 Sup. Ct. 30; *State v. Goodwill,* 33 W. Va. 179, 10 S. E.

285, 25 Am. St. 863, 6 L. R. A. 621; *Frorer v. People,*
141 Ill. 171, 31 N. E. 395, 16 L. R. A. 492; *State v.
Loomis,* 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789;
*Ritchie v. People,* 155 Ill. 98, 40 N. E. 454, 46 Am. St.
315, 29 L. R. A. 79; *Godcharles v. Wigeman,* 113 Pa.
St. 431, 6 Atl. 354; *Atchison, Topeka etc. R. Co. v.
Campbell, supra.*

DUNBAR, J.—This is an action, commenced in the su-
perior court of the state of Washington for Clarke county,
for the purpose of collecting moneys due plaintiff and
appellant for certain provisions furnished respondent
Western Construction Company, and in which respond-
ent Aetna Indemnity Company is made defendant on ac-
count of becoming surety on a bond furnished by said
construction company to the Portland, Vancouver & Yak-
ima Railway Company, and in which respondent Port-
land Vancouver & Yakima Railway Company is made
defendant on account of failing to take the bond pro-
vided for by statute. The action was for the provisions
furnished for the carrying on of said work under the
contract with the railway company, consisting. of ham,
lard, and provisions of like character.

To appellant's complaint respondent railway company
demurred, which demurrer was sustained, and an order
was made dismissing said action as to respondent railway
company, and judgment was entered in favor of said re-
spondent, for its costs and disbursements, against this
appellant. The respondent Aetna Indemnity Company,
also, demurred to the appellant's complaint, which said
demurrer was also sustained, and an order was made dis-
missing said action as to respondent indemnity company,
and judgment was entered in favor of said respondent,

for costs and disbursements, against this appellant. The demurrer of the railway company was upon the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendant. The demurrer of the Aetna Indemnity Company embraced this ground and others. But, with the view that we take of the first ground of demurrer of the railway company, which is the third of the Aetna Indemnity Company, a discussion of the other grounds of demurrer is rendered unnecessary.

The statute which is the basis of this action is § 1, ch. 24, p. 32, of the Laws of 1893, and is as follows:

"Every person performing labor upon or furnishing material to be used in the construction, alteration, or repair of any mining claim, building, wharf, bridge, ditch, dyke, flume, tunnel, fence, machinery, railroad, street railway, wagon road, acqueduct to create hydraulic power, or any other structure, or who performs labor in any mine or mining claim or stone quarry, has a lien upon the same for the labor performed or materials furnished by each, respectively, whether performed or furnished at the instance of the owner of the property subject to the lien, or his agent; and every contractor, subcontractor, architect, builder or person having charge of the construction, alteration or repair of any property subject to the lien as aforesaid, shall be held to be the agent of the owner for the purposes of the establishment of the lien created by this act: provided, That whenever any railroad company shall contract with any person for the construction of its road, or any part thereof, such railroad company shall take from the person with whom such contract is made a good and sufficient bond, conditioned that such person shall pay all laborers, mechanics and material men, and persons who supply such contractors with provisions, all just dues to such persons or to any person to whom any part of such work is given, incurred in carrying on such work, which bond shall be filed by such rail-

road company in the office of the county auditor in each county in which any part of such work is situated. And if any such railroad company shall fail to take such bond, such railroad company shall be liable to the persons herein mentioned to the full extent of all such debts so contracted by such contractor."

The title of this act is, "An act creating and providing for the enforcement of liens for labor and material." The contention of the respondent is that the provisions of this act are in contravention of the provision of the constitution § 19, art. 2, that no bill shall embrace more than one subject and that shall be expressed in the title. It will be observed that there is no room for the appellant's claim in this action, unless it is provided for in the proviso to said § 1, and falls within the purview of the following clause, "and persons who supply such contractors with provisions." The first part of the section, down to the proviso, has reference to the claims ordinarily provided for in lien laws for enforcing liens for the furnishing of material or labor, so that the question in this case is whether or not the word "provisions" falls within the reasonable scope or meaning of the word "material," used in the title of the act.

It seems to us that it does not. We may concede the assertion of the appellant, that, in the construction of statutes, courts will not construe the law so as to make it conflict with the constitution, but will rather put such an interpretation upon an act of the legislature as will avoid conflict with, and violation of, the constitution, and give the law force and effect, if this can be done without an extravagant, strained, or fantastic construction, and that in doing so they will construe the act in accordance with the presumed intention of the legislature; and, also, that the law-making body is always presumed to have acted

within the scope of its powers, and to have construed their action from a constitutional point of view. But the constitutional provision was intended as a restriction upon the power of the legislature, and as a protection to the citizen. This court has uniformly decided, also, that the legislature may cover the various provisions of an act by a general title. But the fact still remains that the title must be sufficiently general to embrace all the distinct, separable, and independent provisions of the law, and the provisions of the law must be, in a sense, germane to the title, the object being that a person looking at the title to the law can reasonably determine the subject of that particular law's enactments.

The word "material" has a well defined and understood legal significance. Every state in the Union has laws for enforcing liens for labor and material, furnished in the construction of buildings and other structures; and, when the title of an act is, "An act creating and providing for the enforcing of liens for labor and material," the mind naturally goes to the construction which has uniformly been placed upon the words used in the title of the act, and their ordinary meaning. Under the lien laws, generally, "material" is deemed to be something that goes into, and becomes a part of, the finished structure, such as lumber, nails, glass, hardware, and a thousand other things that might be mentioned, which are necessary to the complete creation of a building or structure; while the word "provisions" is ordinarily understood to be—just what was furnished in this case—some kind of an edible; and it seems to us, in the language of the appellant, that it would be a strained and fantastic view to hold that provisions of this character were comprehended in the word "material." Webster's definition of material is, "The substance or matter of which anything is made or may be made;" and that,

we think, is the ordinary understanding of the word; while the same author defines provisions as "a stock of food; any kind of eatable, collected or stored." If it should be held that provisions, in this sense, were lienable under the title of this act, because they were a necessary element in the prosecution of the work, by the same reasoning under this title horses necessarily used in the grading of the road, and even the food or provisions used by such horses, could reasonably be contemplated and provided for in the act. It can readily be seen that such a construction would destroy all limitation, and render nugatory this wise provision of the constitution. It was held by this court in *Percival v. Cowychee etc. Dist.*, 15 Wash. 480, 46 Pac. 1035, that the title of an act showing that its object is to provide for the organization and government of irrigation districts, and the sale of bonds arising therefrom, was not broad enough to embrace a provision in the act for validating the indebtedness of a district previously organized, and the levying of a tax to pay the same. In the course of the discussion, the following language was used:

"That the provision in the constitution in question should be reasonably construed and legislation sustained which fairly comes within the subject matter embraced in the title has been frequently held by this court. See *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520; *In re Rafferty,* 1 Wash. 382, 25 Pac. 465. And such we believe to be the tendency of the decisions of all the courts. But it will not do to sustain legislation which is so foreign to the subject matter embraced in the title that one could read such title without having his attention in any manner directed toward the legislation attempted to be embraced thereunder. A title may be as broad as the legislature sees fit to make it, and thereunder any specific legislation, as to any subject relating to the general matter thus broadly embraced in the title, sustained. But when it sees fit to adopt a restricted title and thereunder attempts to enact provi-

sions not fairly within such restricted title, such provisions cannot be given force by reason of the fact that it would have been competent for the legislature to have adopted a more generic title and thereunder properly included all of the provisions of the act."

The same language might, with propriety, be used in this case. The legislature saw fit to adopt a restricted title, such a title as was ordinarily and universally, we think, understood as comprehending substances which went into, and became a part of, a structure; and had the legislature intended to have incorporated into the act an entirely different character of goods, it should have adopted a broader title. And a reference to the act shows that this distinction existed in the mind of the legislature itself, for the proviso makes this distinction when it says that "whenever any railroad company shall contract with any person for the construction of its road or any part thereof, such railroad company shall take from the person with whom such contract is made a good and sufficient bond conditioned that such person shall pay all laborers, mechanics and material men," and then adds "and persons who supply such contractors with provisions." So that, if it had been the legislative understanding that provisions fall within the meaning of materials, the added clause "and persons who supply such contractor with provisions" was entirely unnecessary; because, if the word "material" is broad enough to cover the word "provisions," then those furnishing provisions would have been materialmen.

This case was earnestly presented by many eminent counsel representing the different parties to the action, and exhaustive briefs and able oral arguments were furnished to the court; but the provisions of the statute upon which the appellant relies for judgment in this case are, to our minds, so palpably in conflict with the constitutional pro-

vision above mentioned that we do not deem it necessary to cite further authority in sustaining the judgment.

It is contended that, so far as the Aetna Indemnity Company is concerned, it is bound in any event on a common law obligation, but this cannot be true for the reason that there is no privity between the appellant and the indemnity company.

We think the court did not err in sustaining the demurrers to the complaint, and the judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.