[No. 12709. Department One. August 4, 1915.]

SPOKANE MERCHANTS ASSOCIATION, *Appellant*, v. PACIFIC SURETY COMPANY, *Respondent*.[1]

BONDS—INDEMNITY—ACTIONS — PARTIES ENTITLED TO SUE — CREDITORS—PRIVITY. The creditors of a subcontractor on state work cannot maintain an action upon his bond, not required by any statute, but given to the principal contractor to secure performance of the subcontract, since there is no privity between the parties to the action; even though such bond was conditioned, in part, in the language of Rem. & Bal. Code, § 1159, following the language of the principal contractor's bond to the state given to secure persons furnishing supplies and performing labor on public work; especially in view of that part of § 1159 providing that the original contractor's bond shall protect persons furnishing labor or supplies to any subcontractor on the work.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered September 1, 1914, upon

[1]Reported in 150 Pac. 1054.

findings in favor of the defendant, in an action upon an indemnity bond, tried to the court.   Affirmed.

*J. B. Campbell* and *J. D. Campbell*, for appellant.

*Charles E. Swan*, for respondent.

Parker, J.—This is an action upon a bond executed by Nick Mandic, as principal, and Pacific Surety Company, as surety, to secure performance by him of work upon state aid road No. 71, with Ilse & Elliott, who had the principal contract with the state for the construction thereof.   Trial before the court without a jury resulted in findings and judgment in favor of the defendant, from which the plaintiff has appealed.

In June, 1910, Ilse & Elliott entered into a contract with the state of Washington for the construction by them of state aid road No. 71.   At the same time, in compliance with the provisions of Rem. & Bal. Code, § 1159 (P. C. 309 §93), they executed a bond to the state of Washington, with a surety company as surety, conditioned that they,

"shall pay all laborers, mechanics, sub-contractors, and material men and all persons who shall supply such laborers, mechanics or subcontractors with materials, supplies or provisions for carrying on such work, and all just debts, dues and demands incurred in the performance of such work".

These are conditions of bonds as required by that section. Thereafter, on August 24, 1910, Nick Mandic entered into a subcontract with Ilse & Elliott for the doing of work upon the road.   Thereafter, on September 10, 1910, Nick Mandic executed to Ilse & Elliott a bond with respondent, Pacific Surety Company, as surety, in pursuance of his subcontract, conditioned in part substantially as the above quoted conditions in the bond given to the state of Washington by Ilse & Elliott, the original contractors.   Thereafter Nick Mandic incurred indebtedness in the performance of his subcontract for supplies furnished him by several persons, who thereafter assigned their claims to appellant, Spokane Merchants As-

sociation.    It thereupon commenced this action to recover
such indebtedness from the Pacific Surety Company upon
the bond executed by it, as surety, and by Nick Mandic, as
principal, to Ilse & Elliott.

The trial court disposed of the case in favor of respond-
ent, upon the theory that there was no privity of contract
between it and the persons who furnished Nick Mandic with
supplies for the prosecution of his subcontract.    This dis-
position of the case is in harmony with our former decisions
in *Sears v. Williams,* 9 Wash. 428, 37 Pac. 665, 38 Pac. 135,
39 Pac. 280, and *Armour & Co. v. Western Construction Co.,*
36 Wash. 529, 78 Pac. 1106.    It seems quite plain to us that
the bond here sued upon was given only for the benefit of
Ilse & Elliott.    The purpose of having it conditioned in part
in the language of the statute, as was the bond given by
Ilse & Elliott to the state, manifestly was to secure them
against debts incurred by Nick Mandic in the performance
of his subcontract, since they were liable under their bond to
the state for such debts incurred by Nick Mandic, as well as
for debts incurred by themselves in the prosecution of their
contract with the state.    This is rendered plain by the fol-
lowing language of Rem. & Bal. Code, § 1159:

". . . any person or persons performing such services or
furnishing material to any subcontractor shall have the
same right under the provision of such bond as if such work,
services or material was furnished to the original contractor."

Appellant's assignors were secured, if at all, by the bond
given by Ilse & Elliott to the state in pursuance of Rem. &
Bal. Code, § 1159.    The bond here sued upon was not given
in pursuance of any statute.    As a common law bond, it will
not bear the construction that it was given to secure any one
but Ilse & Elliott.

The judgment is affirmed.

MORRIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ.,
concur.