[No. 14660.   Department One.   June 27, 1918.]

HORSTMANN COMPANY, *Respondent*, v. S. K. WATERMAN, *Appellant*.[1]

GUARANTY—CONTRACTS—LIABILITY TO THIRD PERSONS—WANT OF
PRIVITY.   While the seller of corporate stock, who retained a por-
tion of the assets and agreed with the buyer and the corporation to
pay all the debts of the corporation, was concededly liable directly
to the creditors, a guaranty contract whereby a third person agreed
with the corporation and the buyer to guarantee the seller's per-
formance of his agreement does not render the guarantor liable to
the creditors, although they are indirectly interested in its per-
formance; since the guaranty was intended only for the benefit of
the promisees, and there was no privity with creditors, and the
doctrine of liability without privity is not to be extended to new
and doubtful cases.

Appeal from a judgment of the superior court for
King county, Frater, J., entered June 9, 1917, upon
findings in favor of the plaintiff, in an action on con-
tract, tried to the court.  Reversed.

*Reed & Hardman*, for appellant.

*E. L. Skeel* (*Roberts, Wilson & Skeel*, of counsel),
for respondent.

PARKER, J.—The plaintiff, John Horstmann Com-
pany, a corporation, seeks recovery from the defend-
ant, S. K. Waterman, balances due upon the purchase
price of goods sold and delivered by it and its as-
signor to the Lithocrete Company, a corporation; re-
covery being sought upon the theory that the defend-
ant has become liable to the plaintiff for the payment
of such balances under her guaranty contract.   Trial
in the superior court for King county without a jury
resulted in findings and judgment awarding to the

[1]Reported in 173 Pac. 733.

plaintiff recovery as prayed for, from which the defendant has appealed to this court.

Prior to and on November 27, 1913, H. S. Waterman was the owner of all of the capital stock of the Lithocrete Company, except sufficient shares thereof to enable others to hold office in the company. On that day he sold all of his stock in the company to A. J. Weiffenbach, the then president of the company, at the same time entering into a written contract with Weiffenbach and the company as follows:

"This contract made this November 27, 1913, by and between H. S. Waterman, first party, A. J. Weiffenbach, second party, and the Lithocrete Company, a corporation of the state of Washington, third party.

"Witnesseth, that whereas Waterman has this day sold and transferred to Weiffenbach all of the capital stock of the Lithocrete Company, for the sum of $3,500, retaining however certain assets of the company below mentioned.

"Now therefore, in consideration of the premises and of the mutual promises hereinafter contained, the parties hereto agree as follows:

"(1) It is agreed by all the parties hereto that Waterman shall retain as his own individual property the following property heretofore owned by the company; all office furniture and office equipment, all the bills and accounts receivable, claims and choses in action of the company, and ten tons of Styrian Magnesite; and the company agrees to execute and deliver to Waterman, upon demand, a proper written assignment of any or all of said bills and accounts receivable, claims and choses in action.

"(2) Said Waterman agrees that he will within one year from the date hereof pay or settle all of the bills and accounts payable of said company and all obligations and debts of said company now outstanding, except any commissions owing by the company on account of unexecuted contracts for laying Lithocrete which have been entered into by said company, which commission the company is to pay; and said Water-

man agrees to indemnify said company against the payment of any and all debts of the company contracted prior to this date, with the exception above noted, and to reimburse the company for all costs, attorneys' fees and damages which it may incur or suffer by reason of any claim or action taken against it based on any existing debt or obligation of the company. . . .

"(5) Said Waterman agrees not to engage directly or indirectly in the business of manufacturing, selling or laying any composition flooring or similar substance in the state of Washington for a period of five (5) years from the date hereof.

"(Signed)  H. S. Waterman,
"By A. J. Weiffenbach, Pres.
"A. J. Weiffenbach,
"Lithocrete Company,
"Howard Waterman, Secy."

At the same time, to secure the performance of this contract by H. S. Waterman, appellant entered into a written contract with Weiffenbach and the company as follows:

"This contract made this November 27, 1913, by and between the Lithocrete Company, a corporation of the state of Washington, and A. J. Weiffenbach, first parties, and S. K. Waterman, second party.

"Witnesseth, that whereas, at the time of making this contract, A. J. Weiffenbach is about to purchase from H. S. Waterman the capital stock of the Lithocrete Company.

"Now therefore, in consideration of the first parties hereto entering into a certain contract with H. S. Waterman, a copy of which is hereto attached, the second party guarantees the performance by H. S. Waterman of all of the conditions of said contract to be performed by him, and in particular guarantees the payment or settlement by H. S. Waterman within one year from this date of all the debts and obligations of said Lithocrete Company now existing, except the commissions on unexecuted contracts of said company.

"The second party further agrees to indemnify and save harmless the first parties hereto against all claims based on existing debts or obligations of said company, and against all damages, costs and attorneys' fees which first parties may suffer or incur on account of such claims.

"(Signed) A. J. Weiffenbach,
"S. K. Waterman,
"Lithocrete Company,
"By A. J. Weiffenbach, President.
"Howard Waterman, Secretary."

At the time of entering into these contracts, the Lithocrete Company was indebted to respondent and its assignor for goods sold and delivered by them to it some time prior thereto, for which indebtedness the judgment here appealed from was rendered against appellant.

It is contended in behalf of appellant that her guaranty contract was not made for the benefit of respondent, but for the sole benefit of the Lithocrete Company and Weiffenbach; that no privity of contract was thereby created between her and respondent, and that, therefore, respondent has no right of recovery against her. There is thus presented the much discussed question, concerning which the authorities are seemingly quite out of harmony, as to the right of a third person to recover upon a contract the performance of which by the obligor will result in benefit to such third person. It is conceded by counsel for appellant that the exceptions to the general rule that only parties to a contract can sue thereon would enable respondent to recover against H. S. Waterman under his contract with the Lithocrete Company and Weiffenbach, because of the express promise of H. S. Waterman to pay the existing debts of the company, and the taking over by him of a considerable portion of the property of the company. We are to remember, however, that ap-

pellant, S. K. Waterman, is one step further removed from respondent than H. S. Waterman; that she has only guaranteed to the Lithocrete Company and Weiffenbach the performance by H. S. Waterman of his promise to pay the indebtedness of the Lithocrete Company; that she has not promised unconditionally to pay such debts, but her promise, in effect, goes no further than that she will pay those debts if H. S. Waterman does not pay them; and that she has not received, under her guaranty contract, any property or funds which respondent had a right to look to for the satisfaction of its claims against the Lithocrete Company.

In *Second Nat. Bank v. Grand Lodge,* 98 U. S. 123, Justice Strong, speaking for the supreme court of the United States, said:

"The subject has been much debated, and the decisions are not all reconcilable. No doubt the general rule is that such a privity must exist. But there are confessedly many exceptions to it. One of them, and by far the most frequent one, is the case where, under a contract between two persons, assets have come to the promisor's hands or under his control which in equity belong to a third person. In such a case it is held that the third person may sue in his own name. But then the suit is founded rather on the implied undertaking the law raises from the possession of the assets, than on the express promise. Another exception is where the plaintiff is the beneficiary solely interested in the promise, as where one person contracts with another to pay money or deliver some valuable thing to a third. But where a debt already exists from one person to another, a promise by a third person to pay such debt being primarily for the benefit of the original debtor, and to relieve him from liability to pay it (there being no novation) he has a right of action against the promisor for his own indemnity; and if the original creditor can also sue, the promisor would be liable to two separate actions, and therefore the rule is that the original creditor cannot sue."

In *Washburn v. Interstate Investment Co.,* 26 Ore. 436, 36 Pac. 533, 38 Pac. 620, there was under consideration the claimed right of the plaintiff to recover upon a contract to which he was not a party, wherein the defendant stipulated with' the Boston Shoe & Leather Company, which was indebted to the plaintiff and others, that it, the defendant, should, within thirty days, pay and discharge such indebtedness, and also make advances necessary to enable the leather company to carry on its business for a period of four months, the amount to be so paid and advanced not to exceed a named sum, the defendant thereafter to receive therefor certain shares of the capital stock of the leather company. It was held that the creditors of the leather company could not recover from the defendant upon the contract, for want of privity, and because it was not made for their benefit. In so holding, Chief Justice Bean, speaking for the court, said:

"The prevailing doctrine in this country undoubtedly is that, where one person, as a consideration or part consideration for an executed contract, promises another, for a consideration moving from him, to pay or discharge some legal obligation or debt due from such other to a third person, the latter, although a stranger to the consideration, and not an immediate party to the contract, may maintain an action thereon, if it was made directly and primarily for his benefit. . . . After a somewhat exhaustive examination of the question, we have found no case which has gone so far as to hold that such action can be maintained on an executory contract by which one person promises to advance his own money to pay the debts of another, but, on the contrary, the authorities deny the application of the rule to such a contract. . . .

"Where one person receives a fund or property from another, and instead of paying him therefor is allowed to retain the consideration under an agreement to pay it to the creditors of the other party; or when it is agreed between the parties to the contract,

there being a valuable consideration therefor, that the promisor may discharge his debt or liability to the promisee by paying it to some third person, to whom the promisee owes some legal duty or obligation, it would be just and proper that such third party should have the right to maintain an action on the contract in his own name. But this is on the theory that the contract being for his direct benefit the law invests him with a privity in respect thereto by reason of his interest, and the promisor, in performing the contract, is doing nothing more than to discharge his own debt or obligation in accordance with his agreement. In such case the amount which the promisor agrees to pay is his own debt or obligation, which, by an arrangement with the promisee, he is to pay or discharge in a particular manner; and the parties having by their contract thus treated the third party as primarily interested in its performance, they have recognized him as privy in fact to the consideration and contract, and therefore there can be no hardship in allowing him to enforce it by an action in his own name, as the parties to the contract contemplated. ⟨But where there is no such fund, debt, or obligation in the hands of or owing from the promisor, but only an executory contract by one person to advance his own money to pay the debts of another, who is a party to neither the contract nor consideration, it is difficult to see upon what principle the doctrine can be applied. In such case the contract is not made for the direct benefit of the creditor, but of the promisee, to enable him to obtain money with which to discharge his liability, and, if enforcible at all, it is enforcible by him. The creditors are, of course, indirectly interested in its performance, for, if the contract is complied with, their claims will be paid, and this may be said of any executory contract whereby a debtor expects to receive money with which to pay his debts; but it has never been held, to our knowledge, that such an interest is sufficient to entitle a stranger to maintain an action to enforce the stipulations of the contract.''

⟨ Our own early decisions may not be wholly harmonious upon the question of the right of a party to recover

upon a contract to which he is not a party, but the following later decisions, we think, call for the conclusion, in harmony with the decisions above quoted from, that the guaranty contract of S. K. Waterman, entered into by her with Weiffenbach and the Lithocrete Company, was not intended for the benefit of respondent or other creditors of that company, but was for the exclusive benefit of Weiffenbach and the Lithocrete Company, and that, therefore, respondent cannot recover thereon, though it would be benefited by the performance of the obligations of S. K. Waterman thereunder: *Spokane Merchants Ass'n v. Pacific Surety Co.*, 86 Wash. 489, 150 Pac. 1054; *Rust v. United States Fidelity & Guaranty Co.*, 87 Wash. 95, 151 Pac. 248; *Dupont De Nemours Powder Co. v. National Surety Co.*, 90 Wash. 227, 155 Pac. 1050. Among other decisions supporting our conclusion we note: *American Exchange Nat. Bank v. Northern Pac. R. Co.*, 76 Fed. 130; *German State Bank v. Northwestern Water & Light Co.*, 104 Iowa 717, 74 N. W. 685; *Sweeney v. Houston*, 243 Pa. St. 542, 90 Atl. 347, L. R. A. 1915A 779; *Montgomery v. Rief*, 15 Utah 495, 50 Pac. 623; *Wilson v. Shea*, 29 Cal. App. 788, 157 Pac. 543.

The two last cited cases show the disposition of the courts not to extend the doctrine here contended for by counsel for respondent to new and doubtful cases, and also to resolve doubts as to the intent of the parties executing a contract, against third parties claiming under it.

Contention is made in appellant's behalf that, in any event, respondent's cause of action, if any it has, is barred by the statute of limitations. In view of our conclusion upon the question above discussed, it becomes unnecessary to decide as to whether or not the bar of the statute would be effective as against re-

spondent, should it be held to have a good cause of action as claimed.

The judgment is reversed and the action dismissed.

MAIN, C. J., MITCHELL, and TOLMAN, JJ., concur.