[No. 17724. *En Banc.* October 2, 1923.]

R. FINKELBERG, *Appellant,* v. CONTINENTAL CASUALTY COMPANY, *Respondent.*[1]

INSURANCE (122, 167)—INDEMNITY (10)—ACTIONS—POLICY INURING TO BENEFIT OF THIRD PERSON—PRIVITY OF CONTRACT—NECESSITY. An action on an automobile indemnity insurance policy may be maintained by the person injured through the negligence of the assured, where the assured is insolvent and execution on a judgment against the assured has been returned unsatisfied.

SAME (122)—INDEMNITY (7-1)—DISCHARGE OF INDEMNITOR—EFFECT OF RELEASE BY ASSURED ON RIGHTS OF INJURED PARTY. Such an action may be maintained although the company had no notice of the suit against the assured, where the policy did not require the injured party to give any notice of the suit, and the assured was relieved from giving notice by the making of a settlement with the company on account of the accident.

SAME (162)—ACTIONS—LIMITATIONS—ACCRUAL OF ACTION. Under an automobile indemnity policy providing that an action may be maintained by the injured person against the company under the terms of the policy for an amount not exceeding the amount of the policy, the liability accrues at the time of the accident and is not affected by a release and settlement between the assured and the company.

Appeal from a judgment of the superior court for King county, Tallman, J., entered August 5, 1922, dismissing an action upon a policy of indemnity insurance, upon overruling a demurrer to the answer. Reversed.

*Louis Aaron* and *Reynolds, Ballinger & Hutson,* for appellant.

*Poe, Falknor & Falknor,* for respondent.

PEMBERTON, J.—The appellant instituted an action in the superior court against the respondent for the recovery upon a certain automobile insurance policy, issued by respondent company to one T. Tanaka. To the complaint of appellant, respondent filed its answer

[1] Reported in 219 Pac. 12.

denying the allegations of the complaint; and, by way of affirmative defense, alleged that the policy of insurance had been canceled and that no notice of the suit of appellant against T. Tanaka had been given to respondent. Appellant filed a demurrer to the answer. At the time of the trial, respondent admitted the allegations of the complaint, the court overruled the demurrer to the answer, and entered judgment dismissing the action, from which this appeal is taken.

Some time prior to November 2, 1920, the respondent company issued the insurance policy in question, covering a Ford automobile and, by its terms, thereby contracted and agreed to indemnify the insured, T. Tanaka, against loss and liability for damages on account of bodily injuries accidentally suffered for a period of one year by any person not employed by the insured, by reason of the ownership, maintenance or use of said automobile, in an amount not exceeding $5,000. The policy contained the following paragraph:

"No action shall be maintained against the Company to recover a loss covered by this policy unless brought after the amount of such loss shall have been fixed either by a final judgment against the Assured by the court of last resort after trial of the issue or by agreement between the parties with the written consent of the Company. The Company shall be bound, however, as to such final judgment, not exceeding the limits of the policy to pay and satisfy such judgment and to protect the Assured against the levy of any execution issued upon the same. The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of this policy and in case execution against the Assured is returned unsatisfied in an action brought by the injured person, or his or her personal representatives in case death results from the accident, because of such insolvency or bankruptcy, *an action may be maintained by such injured person, or his or her personal representatives,*

*against the Company under the terms of the policy*
*for the amount of the judgment in said action not ex-*
*ceeding the amount of the policy.* In no event shall
any action be maintained against the Company by the
Assured, or any other person, unless brought within
Two years after right of action accrues.''

On November 2, 1920, appellant, who was not in the
employ of Tanaka, suffered bodily injury through the
operation of the automobile by Tanaka; and on July 7,
1921, recovered judgment by default against Tanaka
for such injuries in the amount of $4,325 and costs.
On October 20, execution was issued and returned by
the sheriff unsatisfied, because of the insolvency of
Tanaka, and thereafter this action was brought to
recover the amount of the judgment from respond-
ent.

On the 11th day of April, 1921, two days before the
summons and complaint were served upon Tanaka, the
policy of insurance was canceled, under the following
agreement between respondent and Tanaka.

''Know All Men by These Presents: That I, T.
Tanaka, the undersigned, for the sole consideration of
Eight Hundred Fifty ($850) Dollars, to me in hand
paid, the receipt whereof is hereby acknowledged, do
hereby remise, release and forever discharge the Con-
tinental Casualty Company, a corporation, from any
and all liability, claims, demands and causes of action
whatsoever of every kind and nature arising under
Policy No. 22539 and particularly arising from an
accident which occurred to Mrs. Rebecca Finkleberg
on or about the 3rd day of November, 1920, about 4:30
P. M. at Madison Street and First Avenue, Seattle,
Washington, when she was struck by a Ford car be-
longing to the undersigned.

''The undersigned hereby promises and agrees that
he will indemnify and save harmless the said Company
from any and all claims of any name or nature what-
soever which may be asserted against him or it by or
on behalf of, or in favor of said *Mrs. Rebecca Finkle-*

*berg,* or any person or persons whatsoever for any and all damage of every nature arising under said policy and particularly from the accident above described.''

The policy provides that:

''This policy may be cancelled at any time by either of the parties hereto upon written notice to the other, stating when thereafter cancellation shall then be effective, and the date of termination by cancellation shall then be the end of the policy period.''

It is admitted that no notice was given to respondent of the original action against Tanaka. Respondent contends that it was entitled to notice under the following provision of the policy.

''If any suit is brought against Assured to recover such damages, the Assured shall immediately forward to the Company, at its office in Chicago, every summons or other process served upon him. The Company shall have the exclusive right to contest or settle any of said suits or claims.''

It is claimed by respondent, first, that the policy is a common law undertaking designed to indemnify the assured from liability adjudged against him; that there is no privity of contract between assured and the injured party; and that no right of action exists in favor of appellant against respondent company.

Our attention is called to the case of *Spokane Merchants' Ass'n v. Pacific Surety Co.,* 86 Wash. 489, 150 Pac. 1054, wherein the court said:

''The trial court disposed of the case in favor of respondent, upon the theory that there was no privity of contract between it and the persons who furnished Nick Mandic with supplies for the prosecution of his subcontract. This disposition of the case is in harmony with our former decisions in *Sears v. Williams,* 9 Wash. 428, 37 Pac. 665, 38 Pac. 135, 39 Pac. 280, and *Armour & Co. v. Western Construction Co.,* 36 Wash. 529, 78 Pac. 1106. It seems quite plain to us that the bond here sued upon was given only for the benefit of

Ilse & Elliott (principal contractors). . . . The bond here sued upon was not given in pursuance of any statute. As a common law bond, it will not bear the construction that it was given to secure any one but Ilse & Elliott.''

This bond was for the benefit of Ilse & Elliott, and while indirectly it could be claimed to be to the benefit of laborers and materialmen, it was made for the protection of Ilse & Elliott.

In the case of *Du Pont De Nemours Powder Co. v. National Surety Co.*, 90 Wash. 227, 155 Pac. 1050, a bond was given to protect a railroad company against liens for labor and material furnished in the construction of a railroad. This was a statutory bond for the protection of materialmen and laborers. The powder company did not give the notice required by the statute and could not hold the bond as a common law bond. The court said:

''This bond was a contract which was primarily to protect the railway company, while public bonds are primarily to protect creditors, as there can be no lien against a municipality in any event.''

A third person beneficially interested in a contract may maintain an action to recover thereon even though the identity of the third person may not be known at the time of the execution of the contract.

''The name of the person to be benefited by the contract need not be given, if he is otherwise sufficiently described or designated. The fact that the particular person who is to benefit from the promise is not known when the promise is made is immaterial. He may be one of a class of persons if the class is sufficiently described or designated. And the fact that the person to whose benefit a promise may inure is uncertain at the time it is made, and that it is dependent on a contingency, will not deprive the person who afterward established his claim to be the beneficiary of the promise of the right to recover upon it. Further, the

party benefited need not have known of the contract at the time it was made if he afterward adopts it. And while an acceptance of the contract is necessary, the bringing of suit on it is ordinarily sufficient evidence thereof.'' 13 C. J. 711.

See, also, *Kelley v. Greenough,* 9 Wash. 659, 38 Pac. 158; *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010; *Baxter v. Camp,* 71 Conn. 245, 71 Am. St. 169; *Johnson v. Shuey,* 40 Wash. 22, 82 Pac. 123; *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440, 96 Am. St. 1003; *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056, 110 Am. St. 946, 4 L. R. A. (N. S.) 666, 5 A. & E. Annot. Cas. 435.

In the case of *Gugliemetti v. Graham,* 50 Cal. App. 268, 195 Pac. 64, wherein the policy of insurance had the following provision:

'' 'This policy will inure to and be the benefit and protection of any one who shall sustain any damage or injury, or to the heirs, personal representatives, administrators, executors or assigns of any such person who may be so damaged or injured or suffer death by reason of negligence or misconduct on the part of the driver or operator of the automobile. . . .' ''

the court held as follows:

''The latter clause, we think, is plainly intended to create a primary liability against the insurer in favor of persons injured or damaged. While the general terms of the contract are as we have characterized them, to wit, a contract to indemnify the insured against loss, the term last quoted imports a condition and agreement that, so far as other persons are concerned, the obligations of the policy are available where such persons have sustained 'damage or injury.' Necessarily, then, a cause of action would arise whenever the damage accrued.''

It is the contention of respondent that it should not be forced to pay the judgment of appellant for the reason that it had not been notified of the pendency of

the action, according to the terms of the policy providing for notice to be given to respondent. The policy did not provide for the appellant to give notice to respondent. By the settlement with respondent, Tanaka was not required to give notice, and if he were so required and failed to give notice, this would not in anywise affect the rights of appellant. He could neither destroy the rights of appellant by his agreement with respondent nor by his neglect to give notice to respondent.

Next it is claimed by respondent that, prior to the institution of the suit, the contract of insurance was released and discharged by the insurer and the assured. Appellant insists that the liability of the company accrued at the time of the accident, and that the cancellation of the policy thereafter would not relieve respondent from the liability that arose while the policy was in effect. In the case of *Fenton v. Poston*, 114 Wash. 217, 195 Pac. 31, the court said:

"Certainly a compensated guarantor will not be released from the guaranty after a liability covered by its engagement has accrued."

The wording of the release discloses the fact that the respondent had notice of this accident and desired to have T. Tanaka indemnify respondent against the claim of appellants. We are satisfied that the appellant has a right to maintain this action against respondent under the provisions of § 6 of the policy in question, and that this right accrued at the time of the accident on the 2d day of November, 1920; and that respondent cannot avoid its liability by the release of the policy thereafter; that there was no obligation on the part of appellant to give notice to respondent of the institution of the action.

The judgment is reversed, and the cause is remanded with directions to sustain the demurrer to the answer

of respondent, and proceed according to the views herein expressed.

MAIN, C. J., HOLCOMB, BRIDGES, MACKINTOSH, PARKER, and MITCHELL, JJ., concur.

TOLMAN, J., concurs in the result.