[No. 21266.  Department One.  July 6, 1928.]

OSCAR HANSON, *Appellant,* v. SILVER LAKE RAILWAY & LUMBER COMPANY *et al., Respondents.*[1]

[1] RAILROADS (38)—CONSTRUCTION—LIENS.  A lien is not given for grain for feeding horses used in grading, by Rem. Comp. Stat., § 1129, giving a lien to persons furnishing supplies for the construction of a railroad in case of failure to take a bond for the protection of laborers and materialmen.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered December 14, 1927, dismissing an action to foreclose a materialman's lien on sustaining a demurrer to the complaint.  Affirmed.

*E. H. Kohlhase,* for appellant.
*O'Neill & Massey,* for respondent.

FRENCH, J.—The plaintiff seeks to foreclose a lien against a railway owned by the defendants Silver Lake Railway & Lumber Company and Charles R. McCormick Lumber Company, alleging that the Wright Construction Company, general contractor, was engaged in grading the right of way, and that he had furnished hay and grain to a sub-contractor, which hay and grain were used for feeding horses used in grading the right of way.  Demurrer was sustained to the complaint, and the plaintiff electing to stand on his complaint, judgment of dismissal was entered and this appeal follows.

[1]  The sole question for determination is whether a person furnishing hay and grain for use for feeding and maintaining horses of a sub-contractor working

¹Reported in 268 Pac. 881.

on a railroad right of way has a lien against the railway for the value of the feed furnished, where the railway has failed to take and file a bond.

The question involved was first before this court and decided adversely to appellants in *Armour & Co. v. Western Construction Co.*, 36 Wash. 529, 78 Pac. 1106. Thereafter the lien statute was amended [Rem. Comp. Stat., § 1129], and was again before this court and decided adversely to appellant's contention in *Tsutakawa v. Kumamoto*, 53 Wash. 231, 101 Pac. 869, 102 Pac. 766.

This court still adheres to the principle announced in the two cases above cited.

Judgment affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.