[No. 26117. Department Two. August 8, 1936.]

PACIFIC MERCANTILE AGENCY, INC., *Appellant*, v. FIRST NATIONAL BANK OF FERNDALE, *Respondent*.[1]

*R. W. Greene,* for appellant.

*Walter B. Whitcomb,* for respondent.

MAIN, J.—The plaintiff, as assignee for collection, brought this action to recover the balance claimed to be due on a contract to pay for building materials, to which the assignor was not a party. The cause was tried to the court without a jury and resulted in findings of fact from which it was concluded that the plain-

[1] Reported in 60 P. (2d) 6.

tiff was not entitled to recover. From the judgment entered dismissing the action, the plaintiff appeals.

The facts are these: The respondent is a banking corporation authorized to transact business in this state, with its principal place of business at Ferndale, in Whatcom county. The Wilson Lumber Company, Incorporated, is a corporation engaged in the business of selling building material.

September 26, 1931, the bank, being then the owner of a farm in Whatcom county, contracted to sell the same to William Van Ry and Dorothy Van Ry, his wife. Further reference will be made to Mr. Van Ry as though he were the only party to the contract. The contract called for a small sum as a down payment and comparatively small sums for monthly payments. It contained a forfeiture clause, and time was made the essence thereof. The contract provided that Van Ry should construct a barn upon the premises and make certain improvements to the dwelling house, and recited that:

"The Vendor [the bank] agrees to furnish material for the construction of the barn and for the repairs and improvements to the dwelling to the value of Twelve Hundred Dollars ($1200)."

After the contract was signed, Van Ry received an estimate from the Wilson Lumber Company as to the cost of the material necessary to construct the barn and improve the house. This estimate was in the sum of $963. Material was subsequently furnished, and the bank paid this full sum. The balance of the twelve hundred dollars was not paid for materials, but, on the order of Van Ry, was paid for certain labor which was performed in the construction. There was additional building material furnished by the lumber company, at the request of Van Ry, to the value of $429.53.

Subsequently, due to the failure to perform the conditions of the contract by Van Ry, it was forfeited by the bank. Sometime thereafter, the present action was brought to recover the item of $429.53, with the result above indicated. The Wilson Lumber Company, as already appears, was not a party to the contract.

The question is whether that company has a right to recover on the alleged ground that the contract to pay for the building materials, as set out, was for its benefit. It is the law that, where one person, for a valuable consideration, makes a promise to another to pay the debt of that other to a third person, such third person may maintain an action in his own name upon the promise and against the promisor. *Hart v. Bogle,* 88 Wash. 125, 152 Pac. 1010. Many other cases from this court might be cited in support of the rule, but it is so well settled that this is not necessary.

Before a third party can recover upon a contract made for his benefit and to which he is not a party, it must appear to have been the intention of the parties to secure to him personally the benefit of the provisions of the contract. *Sayward v. Dexter Horton & Co.,* 72 Fed. 758; *Horstmann Co. v. Waterman,* 103 Wash. 18, 173 Pac. 733, 1 A. L. R. 856.

Contracts which only create a general obligation to pay the costs of performing a particular undertaking do not show an intention to make such contract for the benefit of a third person who may have furnished materials necessary to the performance thereof. *Schoemer v. Zeran,* 126 Wash. 219, 217 Pac. 1009; *Forsyth v. New York Indemnity Co.,* 159 Wash. 318, 293 Pac. 284. On the other hand, if the contract, by its terms, is an undertaking on the part of the promisor to pay personally all of the indebtedness of the promisee, such a contract evidences an intention that

it is for the benefit of the creditors, even though they are not individually referred to therein. *Finkelberg v. Continental Casualty Co.,* 126 Wash. 543, 219 Pac. 12; *Washington Perfection Co. v. Davin,* 138 Wash. 427, 244 Pac. 697.

The question, then, is reduced to which of the two rules last stated is controlling in the present case. The language, as above set out, is to the effect that the bank agreed to furnish materials for the construction of the barn and for the repairs and improvements to the dwelling house to the value therein mentioned. This provision brings the case directly within the holdings in the *Schoemer* and the *Forsyth* cases, *supra,* to the effect that a third person, not a party to the contract, cannot recover thereon under a provision which creates a general obligation to pay for the cost of performing a particular undertaking, such as furnishing building materials.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, BEALS, and TOLMAN, JJ., concur.