[No. 37852.  Department One.  February 24, 1966.]

LAYRITE CONCRETE PRODUCTS OF KENNEWICK, INC., *Appellant*, v. H. HALVORSON, INC., *Respondent.**

*Horton & Wilkins,* by *Hugh B. Horton,* for appellant.

*Palmer, Willis & McArdle,* for respondent.

COCHRAN, J.†—Appellant (plaintiff) seeks to recover from the respondent (defendant) as a third party beneficiary of a bond furnished by respondent as part of his subcontract in the construction of the Hanford Atomic Project.

*Reported in 411 P.2d 405.

†Judge Cochran is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The facts on which this claim is based are briefly as follows: May 13, 1959, the United States, through the Atomic Energy Commission, contracted with Kaiser Engineers Division of Henry J. Kaiser Company for Kaiser Engineers to construct a nuclear production reactor at Hanford, Washington. Kaiser Engineers was given the right to subcontract with others for the accomplishment of much of the construction. Kaiser did not give a bond to the United States in connection with this contract.

On January 27, 1961, Kaiser Engineers entered into a contract with respondent H. Halvorson, Inc., for construction of a portion of the work. Respondent gave a performance bond and a payment bond in connection with its contract with both Kaiser Engineers and the United States as joint obligees.

Respondent also had the right to subcontract and, on March 1, 1961, did so with one H. H. Van de Ven, doing business as Keystone Masonry Company, for certain masonry work. This was only one of several subcontracts entered into by respondent.

May 16, 1961, Van de Ven contracted with appellant, Layrite Concrete Products of Kennewick, Inc., for the supplying of materials, the value of which is not disputed and which were not paid for by Van de Ven, although respondent had paid Van de Ven in full. The latter's obligation to appellant was later discharged in bankruptcy.

The hold' harmless clause of the Kaiser-Halvorson subcontract is as follows:

Article 36—Indemnification by Subcontractor. The Subcontractor shall be responsible and liable for, and shall save the Contractor and the Government harmless from all suits, claims and demands of whatsoever kind or nature arising out of or in connection with the work to be performed under this Subcontract; provided, that this article shall not apply to suits, claims or demands solely due to the fault or negligence of the Contractor or Government, or both, or to claims as to which the article herein entitled "Workmen's Compensation" is applicable.

The condition of the payment bond, in its entirety, is as follows:

The condition of the above obligation is such, that whereas the Principal [Halvorson] entered into a certain written subcontract, a copy of which is or may be hereto attached, with Kaiser Engineers Division of Henry J. Kaiser Company dated 27th day of January, 1961, for all 105N Building Architectural, structural and electrical work specified in specification 100N-71, 100N Area, Hanford Works, Richland, Washington.

Now, THEREFORE, if the above bounden principal shall promptly pay or cause to be paid, in full, the claims of all persons performing labor upon or furnishing materials to be used in, or furnishing appliances or power contributing to the work provided for in said Subcontract, and any and all duly authorized modifications of said Subcontract that may hereafter be made, notice to the Surety of which modifications are hereby waived, then this obligation to be null and void; otherwise to remain in full force and effect.

It is the position of the appellant that these obligations are for the benefit of the public, and an unequivocal obligation to pay all persons who supply materials. This court, however, over a period of many years, has held to the contrary. This type of obligation looks up, not down. It is for the sole benefit of the joint obligees, the United States and Kaiser Engineers. A third party may enforce a contract to which he is not in privity only if it is made to appear that the contracting parties intended to "secure to him personally the benefits of the provisions of the contract." *Pacific Mercantile Agency v. First Nat'l Bank of Ferndale*, 187 Wash. 149, 60 P.2d 6 (1936); *Spokane Merchants Ass'n v. Pacific Sur. Co.*, 86 Wash. 489, 150 Pac. 1054 (1915). See, also, 12 Am. Jur. *Contracts* § 280.

Appellant was not known to or contemplated by respondent at the time it gave Kaiser Engineers and the United States a payment bond. The clear intent of the hold harmless clause and the payment bond was to protect Kaiser Engineers, the prime contractor, and the United States, not the creditors of respondent Halvorson or the latter's subcontractors or suppliers.

An early case of this kind was that of *Spokane Merchants Ass'n v. Pacific Sur. Co.*, *supra*, which involved a contract

entered into by Ilse and Elliott for the construction by them of a road for the state of Washington. They executed a bond to the state, conditioned that they "shall pay all laborers, mechanics, sub-contractors, and material men and all persons who shall supply such laborers, mechanics or sub-contractors with materials, supplies or provisions for carrying on such work, and all just debts, dues and demands incurred in the performance of such work."

One Nick Mandic entered into a subcontract with Ilse and Elliott, the prime contractor. Mandic executed a bond with respondent as surety to Ilse and Elliott, conditioned in part substantially the same as the bond given to the state by Ilse and Elliott. Mandic became indebted for supplies furnished him by appellant's assignors. The court held there was no privity of contract between respondent and the persons who furnished Mandic with supplies for the prosecution of his subcontract, citing *Sears v. Williams*, 9 Wash. 428, 37 Pac. 665, 38 Pac. 135, 39 Pac. 280, and *Armour & Co. v. Western Constr. Co.*, 36 Wash. 529, 78 Pac. 1106. The court said, at 491: "It seems quite plain to us that the bond here sued upon was given only for the benefit of Ilse & Elliott."

In *Pacific Mercantile Agency v. First Nat'l Bank of Ferndale, supra,* the court said, at 151:

> Before a third party can recover upon a contract made for his benefit and to which he is not a party, it must appear to have been the intention of the parties to secure to him personally the benefit of the provisions of the contract. *Sayward v. Dexter Horton & Co.*, 72 Fed. 758; *Horstmann Co. v. Waterman*, 103 Wash. 18, 173 Pac. 733, 1 A.L.R. 856.

The most recent pronouncement by our court on this subject is that of *Brower Co. v. Noise Control of Seattle, Inc.*, 66 Wn.2d 204, 401 P.2d 860, decided May 6, 1965. This case had a fact situation very similar to the case at bar with a performance and payment bond of the same type. The court said, at 197:

> Appellant argues that, even though the owner is the only obligee in the bond and even though there is no provision that it shall inure to the benefit of laborers or materialmen, they may avail themselves of the security thereof.

This court, however, has ruled that a third party supplier of labor and material has no right against a common law bond on private construction unless the terms of the bond expressly give that right.

[Citing cases.]

We reiterated the third party beneficiary rule in this state in *Priestley v. Peterson*, 19 Wn.2d 820, 838, 145 P.2d 253:

In the case of *Pacific Mercantile Agency v. First Nat. Bank*, 187 Wash. 149, 60 P. (2d) 6, we said:

"Before a third party can recover upon a contract made for his benefit and to which he is not a party, it must appear to have been the intention of the parties to secure to him personally the benefit of the provisions of the contract.

"Contracts which only create a general obligation to pay the costs of performing a particular undertaking do not show an intention to make such contract for the benefit of a third person who may have furnished materials necessary to the performance thereof."

Judgment affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.

---

April 19, 1966. Petition for rehearing denied.