**BASICH BROS. CONST. CO. et al. v. UNITED STATES, for Use of TURNER et al.**

No. 11353.

Circuit Court of Appeals, Ninth Circuit.

Dec. 26, 1946.

Stephen Monteleone, of Los Angeles, Cal., for appellants.

Clifford R. McFall of Tucson, Ariz., for appellees.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

On January 25, 1945, Basich Brothers Construction Company, as prime contractor, entered into a contract with the United States of America to perform certain construction work at the Davis-Monthan Field, Tucson, Arizona. Hartford Accident and Indemnity Company, a corporation, was Basich Brothers' surety. The following items were included in said contract:

"Item 9 Gravel embankment; Item 11 Gravel for stabilized subgrade under gravel base course; Item 15 Gravel for base course; Item 21 Rock and Sand for 18″-12″-18″ portland cement concrete airfield pavement; Item 22 Rock and sand for 10″ portland cement concrete airfield pavement; Item 26A Rock and sand for binder course asphaltic concrete Class 1; Item 26B Rock and sand for wearing course asphaltic concrete, Class 2."

On February 7, 1945, Basich Brothers Construction Company entered into a contract with the firm of Duque & Frazzini to

furnish the labor, supplies and equipment necessary to comply with the requirements of items 9, 11, 15, 21, 22, 26A and 26B, above referred to. The site selected at which Duque & Frazzini were to produce the materials covered by their contract with Basich Brothers and which was approved by the United States Army engineers, was about 4½ miles from the said Davis-Montham Construction project. Basich Brothers made necessary arrangements to secure said site from the owners. Duque & Frazzini produced gravel, rock and sand as required by their contract and delivered the material to Basich Brothers at their plant site either in stockpile or dumped from bins at the plant into trucks provided by Basich Brothers who in turn hauled said material to the said government project and used it in the construction thereof.

Bert Turner, Frank E. Hinman and Garland D. England, hereinafter referred to as use plaintiffs, furnished trucks to Duque & Frazzini, which were used in hauling material from the gravel site to the plant site for screening, grading and other necessary treatment. Duque & Frazzini were required by the terms of their contract with Basich Brothers to furnish all materials and equipment and perform all labor required for the completion of the work in accordance with the provisons and specifications of the original contract and "under the direction and to the satisfaction of the principal's engineer". Supervision was also exercised by the general superintendent of Basich Brothers.

Basich Brothers paid all labor payrolls of Duque & Frazzini.

The work performed by Duque & Frazzini was done on property belonging to one Stefan Gollob which said property was leased to Basich Brothers by said Gollob. Basich Brothers paid all rentals for the use of said property for said purposes and maintained and operated two plants on said premises.

The contract between Basich Brothers and Duque & Frazzini involved an amount in excess of $100,000 and contains a provision for renegotiation under section 403 of the Sixth Supplemental National Defense Appropriation Act 1942, 50 U.S.C.A. Appendix § 1191, which provides for renegotiation of prices of subcontracts. Duque & Frazzini having failed to pay use plaintiffs rentals due for use of trucks, use plaintiffs instituted this action and the trial court gave them judgment against Basich Brothers and their said surety on the ground that they were liable under the provisions of the "Miller Act".[1]

The sole question for our determination is: Were Duque & Frazzini subcontractors within the meaning of the Miller Act? We find they were. In support of their contention that Duque & Frazzini were not subcontractors but were materialmen appellants have cited decisions of state courts which we do not consider persuasive here because they are based largely upon state statutes.

The Supreme Court has in the case of MacEvoy v. United States, 322 U.S. 102, 109, 64 S.Ct. 890, 894, 88 L.Ed. 1163, supplied the rule we are to follow in construing the Miller Act, as follows:

"A subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, * * * ".

Duque & Frazzini, having performed for and taken from Basich Brothers the specific part of the labor and material requirements of Items 9, 11, 15, 21, 22, 26A and 26B of the original contract, fully meet the requirements of that test and are, therefore, subcontractors within the meaning and scope of the "Miller Act".

Judgment affirmed.

---

[1] Act of August 24, 1935, c. 642, 49 Stat. 793, 40 U.S.C.A. § 270a et seq.