**SOCONY-VACUUM OIL CO., Inc.**
**v.**
**CONTINENTAL CAS. CO.**
**Civ. A. No. 1587.**

United States District Court
D. Vermont.
June 15, 1954.

Edmunds, Austin & Wick, Burlington, Vt., for plaintiff.

Theriault & Joslin, Montpelier, Vt., for defendant.

GIBSON, District Judge.

On or about May 8, 1950, the Bennett-Stewart Co., Inc., a corporation engaged in the construction of a radar station for the United States at St. Albans, Vermont, entered into a subcontract with R. F. Carpenter, Inc., for certain road and parking area construction work. Under this contract, and on the above date, R. F. Carpenter, Inc., as principal, and the defendant, as surety, executed a contract bond in favor of the Bennett-Stewart Co.,

Inc., as obligee. The condition of this bond was as follows:

"Now therefore, the condition of the above obligation is such, that if the above bounden Principal shall pay all labor and material obligations and shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named Obligee, all loss and damage which said Obligee may sustain by reason of failure or default on the part of said Principal, then this obligation shall be void; otherwise to be and remain in full force and effect."

The plaintiff in this cause furnished supplies and materials of the claimed value of $12,677 to the subcontractor, for which it has not been paid. It is for this overdue account that this suit is brought. The plaintiff contends that the bond given by the subcontractor to the prime contractor was for the benefit of materialmen of the subcontractor. It is agreed by the parties that any rights which the plaintiff may have had against the Bennett-Stewart Co., Inc., under the so-called Miller Act, 40 U.S.C.A. § 270a et seq., have been foreclosed because of the time limitations of that Act. The defendant has moved to dismiss on the grounds: (1) that plaintiff has no right in the bond in question; (2) that the bond was for the benefit of the prime contractor, not third parties; (3) that plaintiff has failed to pursue its rights against the prime contractor under the Miller Act and has thereby injured defendant; and (4) that the complaint, therefore, fails to state a cause of action. The cause having been submitted on argument and brief, it is the decision of this Court that the defendant is correct in its contention and that the motion to dismiss should be granted.

■■ It is clear that the intent of the Miller Act is to make the prime contractor and his surety liable to an unpaid use plaintiff who has supplied materials to a subcontractor. A mere reading of the terms of the Act discloses this, see Basich Bros. Const. Co. v. U. S., for Use of Turner, 9 Cir., 159 F.2d 182; and the Act nowhere requires the subcontractor to furnish a bond. If, as has happened here, the contractor requires a subcontractor to post a bond running to the contractor as obligee, in an obvious attempt to protect its ultimate right of subrogation, then we may commend the contractor for its diligence. However, it would be most unrealistic to claim that this private obligation of the subcontractor is meant to favor third parties.

The plaintiff's remedy lay in Section 2 of the Miller Act, 40 U.S.C.A. § 270b. Acting pursuant thereto, it should have filed its claim within ninety days from the date on which it furnished the last of the materials to the subcontractor. Having forfeited this remedy by its failure to act, the plaintiff now attempts to claim a new remedy based upon the bond in question. It is the opinion of this Court that the bond was given only for the benefit of the prime contractor, Bennett-Stewart Co., Inc., and not for the protection of the plaintiff as a materialman. Spokane Merchants Association v. Pacific Surety Co., 86 Wash. 489, 150 P. 1054.

The Clerk is directed to make the following entry: "Motion to dismiss granted."