UNITED STATES for the use of MARYSVILLE TRACTOR & EQUIPMENT CO., a copartnership consisting of D. W. Beatie, K. D. Beatie, and C. E. Stewart, partners, Plaintiffs,

v.

PINOLE LAND CO., Inc., a corporation, United States Fidelity & Guaranty Co., a corporation, J. W. Baker, Rhoades Grimshaw, Frank T. Taylor and Calvin Best, Defendants.

Civ. No. 7639.

United States District Court
N. D. California, N. D.
March 4, 1959.

———◆———

Rich, Fuidge & Dawson, Marysville, Cal., Downey, Brand, Seymour & Rohwer and Robert R. Harlan, Sacramento, Cal., for plaintiffs.

John A. Wilson, Stockton, Cal., for defendant Frank T. Taylor.

L. Kenneth Say, Fresno, Cal., for defendants, Pinole Land Co., Inc., and U. S. Fidelity & Guaranty Co.

HALBERT, District Judge.

Defendant Taylor has moved for his dismissal as a party defendant from the instant case on the ground that the complaint fails to state a claim against him upon which relief can be granted and, alternatively, on the ground that this Court does not have jurisdiction over the subject matter of the claim against him (Federal Rules of Civil Procedure, Rule 12(b) (1) and (6)), 28 U.S.C.A.

This motion is opposed by use-plaintiff Marysville Tractor & Equipment Company who has joined in this suit (brought by virtue of the Miller Act, Title 40 U.S.C.A. § 270a et seq.) the prime contractor, Pinole Land Company, and various subcontractors. It is alleged in the complaint, at paragraph VIII, that defendant Baker was a subcontractor of Pinole and that Taylor, among others, was a subcontractor *vis a vis* Baker. It is further alleged, at paragraph IX, that labor and materials were furnished Taylor by use-plaintiff, and that Taylor agreed to pay for them.

█ Such allegations are sufficient to require Taylor to maintain his status as a defendant in this case. There is sufficient allegation that Taylor had a direct contractual relationship with use-plaintiff to vest this Court with jurisdiction under the broad grant of the Miller Act (Glens Falls Indemnity Company v. United States, 9 Cir., 229 F.2d 370, and United States to Use of Par-Lock Appliers v. J. A. J. Const. Co., Inc., D.C., 49 F.Supp. 85), and to require categorization of Taylor as a subcontractor within the sweep of the Act (Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163, and Basich Bros. Const. Co. v. United States, 9 Cir., 159 F.2d 182). While the actual status of Taylor could, under ordinary circumstances, be shown at the time of the trial, it should here, in view of the pending pre-trial proceedings in this case, be resolved during these pre-trial proceedings.[1] In all events, the question of whether Taylor is a "subcontractor" is certainly a factual issue which cannot properly be resolved on the bare pleading presently before the Court (See: McGregor A. Iron Co. v. Merritt-Chapman & Scott Corp., D.C., 150 F.Supp. 323).

[1] If it is contended by any party that Taylor is not a "subcontractor" that issue must be resolved by a proper pre-trial proceeding in this case. Failure to do so will be taken as an admission by all parties that Taylor is a "subcontractor" within the meaning of the applicable law.

It is, therefore, ordered that defendant Taylor's motion to dismiss as to himself be, and the same is, hereby denied.