E. E. ELMER, d/b/a Mississippi Testing Laboratories, Appellant,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.

No. 18086.

United States Court of Appeals Fifth Circuit.

Feb. 29, 1960.

Charles Clark, Vardaman S. Dunn, Robert C. Cannada, Jackson, Miss., Rowland W. Heidelberg, Hattiesburg, Miss., Roger C. Landrum, Columbus, Miss., for appellant, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., Heidelberg & Sutherland, Hattiesburg, Miss., Wells, Thomas & Wells, Jackson, Miss., of counsel.

J. A. Covington, Jr., E. L. Snow, Roger B. Shows, Meridian, Miss., for appellee, Snow, Covington & Shows, Meridian, Miss., of counsel.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

We have reviewed a judgment for the defendant in a suit on a contractor's bond given pursuant to the requirements of the Miller Act.[1] Tyler-Hyde Construction Company contracted with the United States for grading, asphalt paving, and concrete paving, at the Key Field Airport in Meridian, Mississippi. The appellee, United States Fidelity & Guaranty Company, was surety on the Miller Act bond. Tyler-Hyde sublet the grading and asphalt paving to T. F. Scholes Company which, in turn, made a contract with Acme Asphalt Company to do the asphalt paving. Acme employed the appellant, E. E. Elmer, to perform inspection and testing services. Tyler-Hyde knew that the appellant was rendering services on the job. The appellant's charge for his services was $1,966.61. Acme did not pay the appellant. Acme has become a bankrupt. The appellant asserted a claim against Tyler-Hyde and the appellee surety. The claim was rejected and suit was instituted by the appellant against the appellee. The pertinent facts were stipulated. From an adverse judgment the appellant has brought the case before us for review.

1. 40 U.S.C.A. § 270a et seq.

It was contended by the appellee that the bond of the prime contractor, Tyler-Hyde, given pursuant to the Miller Act, covers only those who contract directly with the prime contractor or with a sub-contractor, and that it does not cover a person who has no contract except with one who has contracted with a sub-contractor of the prime contractor; or in other words, that the bond of Tyler-Hyde covers only those who contract directly with its sub-contractor Scholes, and that its bond does not cover Elmer whose contract was with Acme which was not a sub-contractor of Tyler-Hyde, the prime contractor, but of Scholes. To sustain this contention the appellee directs attention to Section 2 of the Miller Act.[2] The district court adopted this view, and set it forth in a well reasoned opinion. Elmer v. United States Fidelity & Guaranty Co., D.C., 174 F. Supp. 437. The district court followed and applied the principles announced in Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163.

■■ In the MacEvoy case the claimant had furnished materials to one from whom the prime contractor had purchased them for use on the job. In the MacEvoy case it was held that the claimant could not recover. The appellant here seeks to distinguish the MacEvoy case on the basis of factual differences. The factual difference exists but does not call for a different principle. The language of the MacEvoy opinion furnishes us with a rule for decision here. As is pointed out in the opinion of the district court, MacEvoy holds that a subcontractor, as that term is used in the Miller Act, is one who performs and takes from the prime contractor a specific part of the labor or material requirements of the original contract. Scholes was a sub-contractor of Tyler-Hyde. Acme had a direct contractual relation with the sub-contractor Scholes and hence would have been covered by the bond. But Acme was not a sub-contractor since it performed its work for Scholes rather than for the prime contractor, Tyler-Hyde. Since the appellant was not a sub-contractor within the meaning of the Miller Act and did not have a direct contractual relationship with a sub-contractor, he cannot recover. As said in MacEvoy, "To allow those in more remote relationships to recover on the bond would be contrary to the clear language of the proviso and to the expressed will of the framers of the Act." 322 U.S. 102, 108, 64 S.Ct. 890, 894.

The conclusions we have reached are in accord with United States for Use and Benefit of W. J. Halloran, etc., v. Frederick Raff Co., 1 Cir., 1959, 271 F.2d 415;

2. "Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons." 49 Stat. 794, 40 U.S.C.A. § 270b(a).

Basich Bros. Const. Co. v. United States, 9 Cir., 1946, 159 F.2d 182, and United States for Use and Benefit of Newport, etc. v. Blount Brothers Construction Co., D.C.Md.1958, 168 F.Supp. 407. Mc-Gregor Architectural Iron Co. v. Merritt-Chapman & Scott Corporation, D.C.M.D. Pa.1957, 150 F.Supp. 323, is contra and seemingly stands alone.

The judgment of the district court is

Affirmed.

RIVES, Chief Judge (specially concurring).

As I read Clifford F. MacEvoy Co. v. United States, 1944, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163, it held simply that a materialman is not a "subcontractor" within the meaning of the proviso to 40 U.S.C.A. § 270b, which is very different from the issue presented in this case, viz., whether a subcontractor several times removed, a "sub-sub-subcontractor," is such a "subcontractor."

While I recognize that the dominant purpose of the Miller Act was to ameliorate certain procedural difficulties in the Heard Act and to permit a more prompt recovery under the payment bond, the legislative history cited in the following part of the MacEvoy opinion compels me to concur with the judgment of affirmance in this case:

> "The proviso of Section 2(a), which had no counterpart in the Heard Act, makes clear that the right to bring suit on a payment bond is limited to (1) those materialmen, laborers and subcontractors who deal directly with the prime contractor and (2) those materialmen, laborers and sub-subcontractors who, lacking express or implied contractual relationship with the prime contractor, have direct contractual relationship with a subcontractor and who give the statutory notice of their claims to the prime contractor. To allow those in more remote relationships to recover on the bond would be contrary to the clear language of the proviso and to the expressed will of the framers of the Act.[5] Moreover, it would lead to the absurd result of requiring notice from persons in direct contractual relationship with a subcontractor but not from more remote claimants.

> "[5] 'A sub-subcontractor may avail himself of the protection of the bond by giving written notice to the contractor, but that is as far as the bill goes. It is not felt that more remote relationships ought to come within the purview of the bond.' H.Rep.No. 1263 (74th Cong., 1st Sess.), p. 3."

322 U.S. 102, 107–108, 64 S.Ct. 890, 894.

Somewhat reluctantly, I concur.