UNITED STATES of America for the Use and Benefit of JONATHAN HANDY CO., Inc.

v.

DESCHENES CONSTRUCTION CO., Inc., Mel Trucking & Contracting Company, Inc., Jefferson Construction Co., Maryland Casualty Company, Standard Accident Insurance Company, Home Indemnity Company, New Amsterdam Casualty Company, and American Surety Company of New York.

No. 60–284.

United States District Court
D. Massachusetts.

Oct. 19, 1960.

George Perkins, New Bedford, Mass., for plaintiff.

Joseph E. Levine, Philip M. Cronin, John T. Bowes, Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a, to recover the price of materials furnished by the use plaintiff, Jonathan Handy Co., Inc., in connection with housing construction at the Otis Air Force Base. The complaint alleges that defendant Jefferson Construction Co. was the prime contractor for this construction, that defendant Mel Trucking & Contracting Company, Inc., had a contract with Jefferson to perform portions of the work, that Mel in turn contracted with Deschenes Construction Co., Inc. to perform part of Mel's subcontract, and that plaintiff furnished materials to Deschenes.

Jefferson and the sureties on its payment bond, also named as defendants, move to dismiss the action, contending that plaintiff is not entitled under the Miller Act to recover in this action. The leading case on which defendants rely is MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163. As pointed out in that case, at page 107, 64 S.Ct. at page 893, the right to bring suit on a payment bond under the Miller Act is limited to two classes of persons, (1) those materialmen, laborers and subcontractors who have direct contractual relationship with the prime contractor, and (2) those who have direct contractual relationship with a subcontractor but not with the prime contractor and who give the required statutory notice of their claim. The issue here depends on the definition to be given to the word "subcontractor." Plaintiff here had a direct relationship only with Deschenes. Deschenes in turn had no direct contractual relationship with the prime contractor but only with the subcontractor Mel. Plaintiff is entitled to recover only if Deschenes is a subcontractor within the meaning of the statute. The court in MacEvoy, while noting that the Miller Act was a remedial act entitled to a liberal construction and the word "subcontractor" might be given a broad generic meaning, held, at page 109, 64 S.Ct. at page 894, that as used in the Miller Act "a subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen."

On the facts of the MacEvoy case, the court was required to hold only that plaintiff there, who had supplied materials to one who then sold them to the prime contractor, was not entitled to re-

cover. Plaintiff here argues that Mac-Evoy should be interpreted as holding only that laborers and materialmen cannot be subcontractors and that Deschenes, who performed part of the work on the construction contract, is a subcontractor within the MacEvoy definition. Defendants' contention is that under that definition Deschenes is not a subcontractor since it did not deal directly with the prime contractor. Plaintiff's interpretation was accepted by the court in McGregor Architectural Iron Co., Inc. v. Merritt-Chapman & Scott Corporation, D.C., 150 F.Supp. 323. However, the contrary view seems to have been taken by the other courts which have considered the point, and it is the view which has been adopted in this Circuit. United States v. Frederick Raff Company, Inc., 1 Cir., 271 F.2d 415, and cases there cited; Elmer v. United States Fidelity & Guaranty Company, 5 Cir., 275 F.2d 89.

Defendants' motion to dismiss is allowed.