UNITED STATES of America, for the Use and Benefit of WHITMORE OXYGEN COMPANY, Plaintiff,

v.

IDAHO CRANE & RIGGING CO., Diversified Builders, Inc., and Fidelity Deposit Company of Maryland, Defendants.

No. 2250.

United States District Court
D. Idaho, E. D.

May 3, 1961.

Jones, Pomeroy & Jones, Pocatello, Idaho, for plaintiff.

Holden, Holden & Kidwell, Idaho Falls, Idaho, for defendants.

TAYLOR, District Judge.

This action was instituted by the plaintiff Whitmore Oxygen Company pursuant to the provisions of the Miller Act, 40 U.S.C.A. § 270b. The complaint alleges that the defendant Diversified Builders, Inc. entered into an agreement with the Atomic Energy Commission to construct certain facilities at a site in the State of Idaho. Thereafter, this defendant, the prime contractor, subcontracted a part of the mechanical work to the Industrial Contractors Company which in turn subcontracted a portion thereof to defendant Idaho Crane & Rigging Company. At the request of this latter defendant, the plaintiff furnished materials and supplies for which it has not been paid. Defendant Fidelity Deposit Company of Maryland provided the payment bond for the said prime contractor and the plaintiff is suing upon the bond for the value of the materials furnished. Plaintiff has admitted in its answer to certain interrogatories that it dealt exclusively with the defendant Idaho Crane & Rigging Company.

By a motion for a summary judgment the defendants Diversified Builders, Inc. and Fidelity Deposit Company

of Maryland are questioning plaintiff's right to maintain this action. It is their sole contention that the plaintiff, as a materialman for a sub-subcontractor, is not entitled to proceed under the Miller Act.

■ It is now well established that in order for a plaintiff to proceed under the Miller Act he must bring himself within two classes of persons: (1) materialmen, laborers or subcontractors who have a direct contractual relationship with the prime contractor, or (2) those persons who have a direct contractual relationship with the subcontractor, but not with the prime contractor. The Miller Act contains no definition of the term "subcontractor". However, the Supreme Court of the United States defined the term as used in the Act in MacEvoy v. United States, 1944, 322 U.S. 102, 109, 64 S.Ct. 890, 894, 88 L.Ed. 1163, as follows:

"* * * a subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract, thus excluding ordinary laborers and materialmen."

This definition was followed by the Court of Appeals for the 9th Circuit in Basich Bros. Const. Co. v. United States, 9 Cir., 1946, 159 F.2d 182. To be classified as a "subcontractor" one must deal with the prime contractor in the manner prescribed by the above definition. Excluded from the status of "subcontractor" by the definition are those persons who only furnish materials to, or take a portion of a subcontract from, a subcontractor. While such third persons may proceed under the Act because they have dealt directly with a subcontractor and come within the second classification, supra, other parties who deal exclusively with them may not. Thus, the fourth party in any chain of contractual relationships beginning with the prime contractor who contracts with a subcontractor, and so on, is not entitled to proceed under the Act. Such a relationship is considered too remote and

imposes a risk of liability on the prime contractor greater than was contemplated by the framers of the Miller Act. MacEvoy v. United States, supra.

Consistent with the views expressed herein are the recent cases of Elmer v. United States Fidelity & Guaranty Company, 5 Cir., 1960, 275 F.2d 89; United States for Use and Benefit of W. J. Halloran Steel Erection Co. v. Frederick Raff Company, 1 Cir., 1959, 271 F.2d 415; United States v. Deschenes Construction Co., D.C.Mass.1960, 188 F. Supp. 270; United States for Use and Benefit of Newport News Shipbuilding and Dry Dock Company v. Blount Brothers Construction Co., D.C.Md.1958, 168 F.Supp. 407.

■ Considering the above two classifications which limit a person's right to proceed under the Miller Act and the definition of the term "subcontractor", it is apparent that plaintiff is in no position to maintain this action. Plaintiff did not contract directly with the prime contractor, the defendant Diversified Builders, Inc., or the subcontractor, Industrial Contractors Company. Plaintiff dealt solely with the defendant Idaho Crane & Rigging Company. This defendant was not a "subcontractor" as the term is defined because it took no part of the work from the prime contractor. It contracted with the said subcontractor and was a sub-subcontractor. Plaintiff's dealings with this defendant were too remote to allow plaintiff to proceed under the Act.

Plaintiff cites United States for Use of Marysville Tractor & Equipment Co. v. Pinole Land Co., D.C.N.D.Cal.1959, 171 F.Supp. 87; and McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., D.C.Md.Pa.1957, 150 F.Supp. 323 to support its right to proceed. Both of these cases are contrary to the views expressed by this Court and the authorities cited. However, a reading of the concise opinion in the plaintiff's first citation reveals the bare holding that the contractual relationship as pleaded was sufficient to vest the Court with jurisdiction. The Court declined to decide

from the pleadings alone the factual issue of whether the party with whom the plaintiff dealt was a "subcontractor". In plaintiff's second citation the Court met the issue squarely and decided it in plaintiff's favor. That case stands by itself and is not the majority view.

Accordingly, it is ordered that the motion for a summary judgment should be, and the same hereby is, granted.