AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, a Connecticut corporation, Plaintiff,

v.

SOUTHERN, WALDRIP & HARVICK; Doe One, a corporation, its Surety; Paul W. Larsen Construction, Inc., a Utah corporation; Donald C. Frazier, Trustee in Bankruptcy of the Estate of Robert C. Martin, Bankrupt; Lane Tractor Company; Al Sanders; Len F. Olsen; Hurst Sand & Gravel Company; Gordon H. Ball, Inc.; Robert Burness; Russ Stoner; W. T. Sligar; Bernardo & Bernardo; Brighton Sand & Gravel Co.; Leonard Landsborough; Steiner Lumber Company; Bear River Construction Company; Triplett & Pfeffer; California Rents Company; Highway Safety Supply Company; Laborers Health and Welfare Trust Fund; George W. Philpott Company; Pipe Trades Trust Fund; State of California Unemployment Insurance Department; State of California Disability Insurance Department; United States of America Social Security Division; Vern Johnson; Doe Three to Doe Ten, Defendants.

Al SANDERS and Paul Hurst dba Hurst Sand and Gravel Company, Defendants and Cross-Plaintiffs,

v.

AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT; Robert C. Martin; Donald C. Frazier, Trustee in Bankruptcy; Paul W. Larsen Construction, Cross-Defendants.

UNITED STATES of America for the use of Paul HURST dba Hurst Sand and Gravel Company and Al Sanders, Defendants and Cross-Plaintiffs,

v.

SOUTHERN, WALDRIP & HARVICK and Doe One, a corporation, its Surety, whose true name is Continental Casualty Company, an Illinois corporation, Cross-Defendants.

GORDON H. BALL, INC., a Nevada corporation, Cross-Claimant,

v.

AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, a Connecticut corporation, Cross-Defendant.

A. Earl LANE doing business under the firm name and style of Lane Tractor Co., Cross-Claimant,

v.

AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, a Connecticut corporation, Cross-Defendant.

PAUL W. LARSEN–CONTRACTOR, INC., a Utah corporation, Cross-Complainant,

v.

Donald C. FRAZIER, Trustee in Bankruptcy of the Estate of Robert C. Martin, Bankrupt; Lane Tractor Company; Al Sanders; Len F. Olsen; Hurst Sand & Gravel Company; Gordon H. Ball, Inc.; Robert Burness; Russ Stoner; W. T. Sligar; Bernardo & Bernardo; Brighton Sand & Gravel Co.; Leonard Landsborough; Steiner Lumber Company; Bear River Construction Company; Triplett & Pfeffer; California Rents Company; Highway Safety Supply Company; Laborers Health and Welfare Trust Fund; George W. Philpott Company; Pipe Trades Trust Fund; State of California Unemployment Insurance Department; State of California Disability Insurance Department; United States of America Social Security Division; Vern Johnson, Cross-Defendants.

Civ. No. 8291.

United States District Court
N. D. California, N. D.
Sept. 27, 1961.

Miller, Williams & Larson, San Francisco, Cal., for plaintiff and cross-defendant Aetna Ins. Co. of Hartford, Conn.

D. A. Boone, Long Beach, Cal., and McGregor, Bullen, Saldine & Erick, Sacramento, Cal., for defendant and cross-defendant Southern, Waldrip & Harvick, and cross-defendant Continental Cas. Co.

Berol, Loughran & Geernaert and George M. Carr, San Francisco, Cal., for defendant and cross-complainant Paul W. Larsen-Contractor, Inc.

Thomas W. Olson, Jr., Sacramento, Cal., for defendant and cross-defendant Donald C. Frazier, trustee in bankruptcy of estate of Robert C. Martin, bankrupt.

Edgar A. Boyles, Jr., Sacramento, Cal., for defendant and cross-claimant Lane Tractor Co.

Radensky & Lerner, Carmichael, Cal., for defendants and cross-complainants Al Sanders and Hurst Sand & Gravel Co.

Gordon Johnson, Dario De Benedictis and Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendant and cross-complainant Gordon H. Ball, Inc.

Robert Burness, in pro. per.

Gray & Hewitt, Marysville, Cal., for defendant Russ Stoner.

Lewis & Lewis, Sacramento, Cal., for defendant Steiner Lumber Co.

Manwell & Manwell, Marysville, Cal., for defendants Triplett & Pfeffer.

Johnson & Stanton, and Charles P. Scully, San Francisco, Cal., for defendant Laborers Health and Welfare Trust Fund.

Stanley Mosk, Atty. Gen., and Vincent P. Lafferty, Deputy Atty. Gen., for defendant State of California Unemployment Ins. Dept. and State of California Disability Ins. Dept.

HALBERT, District Judge.

## I.

Presently before this Court is a motion to dismiss the cross-complaint filed herein by defendants and cross-complainants Al Sanders and Paul Hurst and by cross-complainant United States for the use of

Paul Hurst dba Hurst Sand and Gravel Company and Al Sanders, against defendants and cross-defendants Southern, Waldrip & Harvick and Continental Casualty Company.

It appears from the undisputed pleadings of all parties that defendant and cross-defendant Southern, Waldrip & Harvick was the prime contractor on a contract for the construction or improvement of facilities for the United States. A subcontractor of Southern, Waldrip & Harvick was defendant Paul W. Larsen-Contractor, Inc. Defendant Robert C. Martin was a subcontractor of Defendant Paul W. Larsen-Contractor, Inc. Martin had no direct contractual relationship with Southern, Waldrip & Harvick. Cross-complainants leased certain equipment to defendant Robert C. Martin, and performed some work for him, in connection with the project. Martin is bankrupt, and cross-complainants are unpaid. They seek by the cross-complaint in question to recover on the payment bond furnished by cross-defendant Southern, Waldrip & Harvick (upon which bond cross-defendant Continental Casualty Company was surety), pursuant to the provisions of the Miller Act (Title 40 U.S.C.A. §§ 270a and 270b). Jurisdiction of the cross-complaint is conferred upon this Court by Title 40 U.S.C.A. § 270b (b).

The Miller Act protects those who deal with prime contractors and (where notice is properly given) those who deal with subcontractors of a prime contractor on Federal public works, but it does not protect those who deal with subcontractors of subcontractors of a prime contractor. MacEvoy Co. v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163; Basich Bros. Const. Co. v. United States, 9 Cir., 159 F.2d 182; and United States for Use and Benefit of Whitmore Oxygen Co. v. Idaho Crane & Rigging Co., D.C., 193 F.Supp. 802. It is clear from the record that defendant Martin was not a subcontractor on the project in question, with respect to cross-defendant Southern, Waldrip & Harvick, within the meaning of the Miller Act. The relationship of cross-complainants to cross-defendant Southern, Waldrip & Harvick was too remote to invoke the protection of the Act.

Cross-complainants rely upon my decision in United States for Use of Marysville Tractor & Equipment Co. v. Pinole Land Co., D.C., 171 F.Supp. 87; and upon McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., D.C., 150 F.Supp. 323.

In United States for Use of Marysville Tractor & Equipment Co. v. Pinole Land Co., the prime contractor was Pinole Land Co. Baker was a subcontractor of Pinole Land Co., and Taylor was a subcontractor of Baker. Use-plaintiff in that case allegedly furnished labor and materials to Baker and also to Taylor *at the instance and request of Baker*. It was thus alleged that there was a direct contractual relationship between use-plaintiff in that case and Baker, concerning the materials and labor in question. Baker was admittedly a subcontractor within the meaning of the Miller Act. Proper notice to the prime contractor was alleged. Thus the case fell within the clear language of Title 40 U.S.C.A. § 270b. It followed that the Court had ancillary jurisdiction of the claim against Taylor. Glens Falls Indemnity Co. v. United States, 9 Cir., 229 F.2d 370.

The precise holding of United States for Use of Marysville Tractor & Equipment Co. v. Pinole Land Co., supra, was that Taylor was not entitled to have the action dismissed as to him. I believe that my *holding* was correct.

Additional reflection on the subject leads me to the conclusion that some of the language of my opinion in Pinole Land Co., supra, was at best ill chosen. As it was not alleged, or contended, in that case that Taylor had any direct contractual relationship with Pinole Land Co., it was clear that he was not a subcontractor within the meaning of the Miller Act. MacEvoy Co. v. United States, supra; United States v. Idaho Crane & Rigging Co., supra. Insofar as I implied the contrary, I was mistaken,

and I want here and now to correct this error. I certainly do not intend to repeat my past mistakes in the instant case.

I agree with the analysis of Judge Fred M. Taylor in United States v. Idaho Crane & Rigging Co., supra, to the effect that McGregor Architectural Iron Co. v. Merritt-Chapman & Scott Corp., supra, does not square with the decision of the United States Supreme Court in MacEvoy Co. v. United States, supra. Therefore, I decline to follow the McGregor Iron decision.

My decision as to the cross-complaint in question is that it must be dismissed for failure to state a claim upon which relief can be granted (Federal Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A.).

## II.

The jurisdiction of this Court was predicated, in the original complaint, on diversity of citizenship among the parties, with requisite amount in controversy (Title 28 U.S.C. § 1332). The principal place of business of plaintiff does not appear in the pleadings. The following defendants may be corporations, and the state under whose laws they are incorporated (if any) does not appear in the pleadings: Brighton Sand & Gravel Co., Bear River Construction Company, Highway Safety Supply Company, California Rents Company, George W. Philpott Company and Pipe Trades Trust Fund. The jurisdictional question is further clouded by the inclusion of defendants Doe Three to Doe Ten. For the reasons indicated, plaintiff's complaint is defective and, on the Court's own motion, must be dismissed. Leave to file an amended complaint will, however, be granted. Stenhouse v. Jacobson, D.C., 193 F.Supp. 694.

It is, therefore, ordered that plaintiff's complaint be, and the same is, hereby dismissed with plaintiff being granted 15 days within which to file an amended complaint, if it so chooses;

And it is further ordered that the cross-complaint of defendants and cross-complainants Al Sanders and Paul Hurst and of cross-complainant United States for the use of Paul Hurst dba Hurst Sand and Gravel Company and Al Sanders, against defendants and cross-defendants Southern, Waldrip & Harvick and Continental Casualty Company, together with any cause of action sought to be asserted in said cross-complaint, be, and the same is, hereby dismissed.