**Kenneth G. MASON, Plaintiff,**

v.

**Carlos QUINTANILLA, Jr., d/b/a Arcos Management Service and Arcos Management Corporation, a California corporation, Defendants.**

**No. 91 C 1027.**

United States District Court, N.D. Illinois, E.D.

Sept. 3, 1991.

Kenneth G. Mason, pro se.

Mitchell A. Cohen, Ronald M. Brown, Arthur P. Sanderman, Brown & Shinitzky, Chartered, Chicago, Ill., for defendant Carlos Quintanilla, Jr.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Carlos Quintanilla, Jr. has filed a motion under Federal Rule of Civil Procedure 60(b)(4) for relief from the default judgment entered against him on March 29, 1991. Quintanilla contends that this court lacked jurisdiction over the complaint brought by plaintiff Kenneth G. Mason, and thus the default judgment is void. For the reasons set forth below, we grant the motion and vacate the March 29, 1991 judgment. Mason does not dispute the potential applicability of Rule 60(b)(4), which would permit us to "relieve a party ... from a final judgment, order, or proceed-

ing" if "the judgment is void." Fed. R.Civ.P. 60(b)(4). A judgment would be void if, among other things, "the court that rendered it lacked jurisdiction of the subject matter." 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862, at 199–200 (1973 & 1991 Supp.).

Quintanilla argues that complete diversity is not present because co-defendant Arcos Management Corp. is an Illinois corporation and therefore an Illinois "citizen" for jurisdictional purposes. If this is the case, there is indeed no diversity since Mason is also an Illinois citizen. It is hornbook law that "[c]omplete diversity must exist between all the named defendants and plaintiffs in order to maintain a diversity action." *E.g., Mercado v. Puerto Rico Marine Management, Inc.*, 736 F.Supp. 1207, 1211 (D.P.R.1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Mason's complaint, however, alleges that Arcos Management Corp. is a California corporation. Complaint at 1–2.

Some background will help foster a somewhat clearer picture of this jurisdictional issue. Mason is Quintanilla's (presumably former) attorney. Quintanilla is the president of Arcos Management Services, Inc., an Illinois corporation that also did business under the names Arcos Management Corp. and Arcos Management Services.[1] On May 26, 1989, Mason filed suit (in federal court) against Alberto Aguilera, a/k/a Juan Gabriel, on behalf of Arcos Management Corp. Contrary to the allegations in his instant complaint, Mason described Arcos Management Corp. as "an Illinois Corporation in good standing whose principal place of business is and has been Chicago, Illinois." *Arcos Management Corp. v. Aguilera*, No. 89 C 4320 (Judge Moran) (Complaint at 2).

In this suit, Mason (appearing pro se) is suing Quintanilla, d/b/a Arcos Management Service, and Arcos Management Corp. for breach of a retainer agreement for legal services. Complaint at 1. The retainer agreement was made in connection with the 1989 *Aguilera* suit, and, pursuant to the agreement, entitled Mason to twenty-five percent of all funds recovered either by settlement or litigation. *Id.* at 3. Mason contends that he is owed $175,312.50 under the retainer agreement, and that is the amount of the default judgment entered March 29, 1991, plus costs of $162.50. *Mason v. Quintanilla*, No. 91 C 1027 (N.D.Ill. Mar. 29, 1991).

The primary issue pertaining to Quintanilla's Rule 60(b)(4) motion is how Mason can allege that Arcos Management Corp. is an Illinois corporation in one suit and then allege that the same entity is a California corporation in another without (even after being questioned) explaining the incongruity. Quintanilla maintains that Arcos Management Services, Inc. has at all relevant times been an Illinois corporation.

---

1. The various names used to describe co-defendant Arcos Management Corp. tend to create a certain amount of confusion. Quintanilla asserts that he informed Mason early in their relationship that Arcos Management Corp. was actually incorporated as Arcos Management Services, Inc. Nevertheless, Mason continued to refer to the company as Arcos Management Corp. throughout the course of at least one federal suit, although he did use the proper name in a subsequently filed state suit. *See Rainbow Ticketmaster v. Arcos Management Servs., Inc.*, No. 89 L 14669 (Circuit Court of Cook County, Ill., Nov. 27, 1989) (third party complaint) ("Now Comes the Third Party Plaintiff, Arcos Management Services, Inc., an Illinois Corporation, by and through its attorney, Kenneth G. Mason....").

We shall refer to the company in this opinion by whatever name is used by the particular party at that particular moment. We take pains to point out to Mason, however, that Quintanilla's motion is not about his supposed contention that Mason "should really be suing a different defendant." Response at 7. The motion is directed at the fact that Mason is suing a nondiverse defendant and that he should have been aware of that (or should have tried harder to determine otherwise, *see infra*) since he had been that nondiverse defendant's attorney. As evidenced by his ability to represent both Arcos Management Corp. and Arcos Management Services, Inc. in separate suits, Mason cannot credibly claim that he understood the instant motion to be about "suing a different defendant." Similarly, his discussion about the "real party in interest," Response at 5, and nominal parties, *id.* at 6, is irrelevant.

Quintanilla Affidavit at 1 (attached to Memorandum in Support of Motion).

Mason's attempted explanation is, at best, weak. He says that, while the parties in *Aguilera* were attempting to negotiate a settlement, Quintanilla told him that Arcos Management Corp. had (re)incorporated in California. Response at 3; Mason Affidavit at 1. Alternatively, he claims that Arcos Management Services, Inc. was involuntarily dissolved by the Illinois Secretary of State prior to the filing of his complaint and was only reinstated on May 21, 1991; therefore, Arcos Management Services, Inc. "did not exist as a legal entity on the date of commencement of this action." *Id.* at 5.

An attorney or party involved in litigation has a fundamental obligation to corroborate the factual bases underlying representations made to the court. Indeed, when Mason signed the complaint at issue here, he became subject to the certification standard of Rule 11. *Business Guides, Inc. v. Chromatic Communications Enters., Inc.,* —— U.S. ——, 111 S.Ct. 922, 930, 112 L.Ed.2d 1140 (1991). Mason knew that an entity he referred to as Arcos Management Corp. was incorporated in Illinois, and, as the attorney of record in at least one federal court action, had represented to the judge that this was the case. To rely solely on an offhand comment that the company had been reincorporated in another state without confirming that change (by perhaps, as Quintanilla suggests, simply telephoning the California Secretary of State's office) borders on sanctionable misconduct. The system within which we operate requires litigants to make certain good faith inquiries, not the least of which would be modestly inconvenient inquiries to confirm the court's jurisdiction over the dispute at hand. Mason's apparent failure in this regard, particularly given his unique position as Arcos Management Corp.'s former attorney, cannot go unmentioned, although (mostly for other reasons, see *infra*) such failure is ultimately not sanctionable.

Mason's alternative argument fails as a matter of law. Though unable (or unwilling) to confirm where Arcos Management Corp. (or Arcos Management Service or Arcos Management Services, Inc.) was actually incorporated prior to filing his suit, he was subsequently able to conduct a "diligent search of the records of the Secretary of State of Illinois," said search revealing that "Arcos Management Services, Inc., ... had been involuntarily dissolved on February 19, 1991, the date of [the] filing of this action...." Mason Affidavit at 1–2. Mason's diligent search also revealed that Arcos Management Service[s], Inc. "was reinstated on May 21, 1991...." *Id.* at 2.

An administratively dissolved corporation, like Arcos Management Services, Inc., may be reinstated and, upon reinstatement, "the corporate existence shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved...." Ill.Ann.Stat. ch. 32, para. 12.45 (Smith–Hurd 1991 Supp.); *see also id.* at para. 12.80 ("dissolution of a corporation ... shall not take away nor impair any civil remedy available to or against such corporation ... for any right or claim ... commenced within five years after the date of such dissolution"). Illinois law leaves little doubt that in any scenario Mason's second explanation for his jurisdictional assignment cannot withstand even cursory scrutiny, though the dissolution and reinstatement vortex does act to shield him—albeit just barely—from Rule 11 sanctions. That is, because there was no guarantee that Arcos Management Services, Inc. would be reinstated, federal jurisdiction was not absolutely precluded, at least in the abstract.

Because Arcos Management Services, Inc. is the actual name of wrongly captioned defendant Arcos Management Corp., and it is a citizen of Illinois for jurisdictional purposes, diversity is not present and we do not have jurisdiction over this case. Accordingly, we grant Quintanilla's Rule 60(b)(4) motion, vacate the default judgment previously entered against him, and dismiss this case. Fed.R.Civ.P. 12(h)(3); *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981); *Aetna*

*Ins. Co. v. Southern, Waldrip & Harvick,* 198 F.Supp. 505, 508 (N.D.Cal.1961). It is so ordered.